THE CITY OF GALENA

*v.*

HENRY CORWITH.

1. MUNICIPAL CORPORATIONS—*of the power to fund their debts and issue the necessary evidences thereof.* Where the power in the charter of a city to borrow money, required the money so borrowed to be expended and applied in liquidation of its debts, and in the permanent and useful improvement of the city, the corporation is not thereby prohibited from funding the existing debt, and issuing the necessary evidences thereof, in such mode and form as the parties may agree upon.

2. SAME—*this power exists independently of any express authority in the charter.* And the power to pay debts, or provide for their payment, to fund them and issue the necessary evidence thereof, exists in every corporation, to the same extent as in natural persons, and this without any express authority in its charter.

3. SAME—*have all the powers of natural persons as regards their contracts— unless restricted.* The doctrine is well settled, that corporations have all the powers of ordinary persons as respects their contracts, except when they are expressly, or by necessary implication, restricted.

WRIT OF ERROR to the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of debt, instituted in the court below, by Henry Corwith, the defendant in error, against the City of Galena, the plaintiff in error, upon two bonds of said city, for the sum of $500.00 each. The defendant pleaded the general issue, want of consideration, and that the city had no authority to issue the said bonds. The cause was tried before the court and a jury, and a verdict found for the plaintiff for $1,182.50. A motion for a new trial was made, which the court overruled, and rendered judgment on the verdict, to reverse which the case is brought to this court by writ of error.

Mr. LOUIS SHISSLER, for the plaintiff in error.

Mr. D. W. JACKSON, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It is insisted by the plaintiff in error, that, inasmuch as the charter of the City of Galena granted the power to borrow, upon the faith and pledge of the city, so much money as they might deem necessary and expedient, not exceeding twenty thousand dollars in any one year, and to issue bonds, scrip, or certificates therefor, and that the money so borrowed to be expended and applied in liquidation of the debts of the city, and in the permanent and useful improvement thereof, that thereby the city is prohibited from funding its existing debt, and giving written evidence thereof, either by bonds bearing interest and on long time, or in any other form the parties might agree upon.

One single question will, we think, settle the present difficulty. The power in the charter to borrow this money, permits it to be expended in the useful and permanent improvement of the city. Now, suppose the whole amount is borrowed, and all expended in improvements, has the city no power to provide for its existing debt, which may be twice twenty thousand dollars?

Every corporation, or every natural person, has the undeniable and inherent right to pay its debts, or provide for their payment—to fund them, if that be deemed the best policy, and issue the necessary evidences thereof. It will not be denied, municipal corporations have power to contract debts, and without limit, unless restricted by their charters. Having this power, it follows they can provide for their payment, in such mode as they and the holders of the indebtedness may agree upon.

We believe it to be well settled doctrine, that corporations have all the powers of ordinary persons, as respects their contracts, except when they are expressly, or by necessary

implication, restricted, and that they have all the powers necessary to carry out an expressly granted power.

The right bestowed by the charter to borrow, by no means nullifies the power, vital to every corporation, to pay its debts or provide for their payment by postponing the payment to a future day, and issuing evidences thereof. We do not think the citation of any authority necessary to establish a proposition so plain. A city being in debt, which is evidenced by scrip or by promissory notes, may surely change the form of the indebtedness to interest bearing bonds, and this without any express authority in its charter. It is an inherent power and vital, without which such organizations could not live.

These views dispose of the instruction which was objected to by plaintiff in error, and given by the court for defendant in error.

The evidence offered by the plaintiff in error was properly ruled out, as it had nothing whatever to do with the merits of the case. If the scrip was lawfully issued, which is not denied, no matter what their depreciation may have been, the bonds given in place of them must be paid at their face. The city must pay, as it is " nominated in the bond."

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*