## THE COUNTY OF HARDIN

*v.*

## JAMES McFARLAN.

1. COUNTY COURT—*power to bind county exists by statute only.* County courts can only exercise such powers, when sitting for the dispatch of county business, as have been conferred on them by express law, or are necessary to be exercised in order to carry into effect such granted powers.

2.  Municipal debts — *means provided excludes all others.*  It is a familiar principle, that where a statute points out a particular course to be pursued to effect a particular purpose, no other course can lawfully be pursued.

3.  Thus, where an act to enable counties to liquidate their debts, provides that the county courts, or boards of supervisors, may levy a special county tax for that purpose, they can only be discharged by the levy of such tax, and the county board has no authority to take up its outstanding orders and give bonds in lieu thereof, bearing interest.  Interest-bearing obligations can not be issued in the absence of statutory authority.

Writ of Error to the Circuit Court of Hardin county; the Hon. David J. Baker, Judge, presiding.

Mr. W. S. Morris, for the plaintiff in error.

Messrs. Green & Gilbert, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This was assumpsit, in the Hardin circuit court, by James McFarlan, plaintiff, against the county of Hardin, to recover interest money on certain bonds, of different denominations, issued by the county in 1869.

The question raised was upon demurrer to the declaration, and which went to the power of the county court to issue the bonds.

The court, in overruling the demurrer, decided the county court had the power, and gave judgment for the plaintiff, and the county brings the record here by writ of error.

The action was brought for the interest, at ten per centum per annum, on nine bonds.

The question raised by the demurrer is not difficult of solution.

It will not be denied, the county courts in the several counties in the State can only exercise such powers as have been conferred upon them by express law, or are necessary to be exercised in order to carry into effect such granted powers. When these bonds were issued, admitting they were so issued as evidence of indebtedness by the county, the law provided

the means, and the only means, by which such indebtedness could be discharged; and it is a familiar principle, where a statute points out a particular course to be pursued to effect a particular purpose, no other course can be lawfully pursued.

The law in force when these bonds were issued bears this title: "An act to enable counties owing debts to liquidate the same," and it provides, that the county courts for county business, in counties without township organization, and the board of supervisors of counties under township organization, in such counties as may be owing debts which their current revenue, under existing laws, is not sufficient to pay, may, if deemed advisable, levy a special tax, not to exceed, in any one year, one per cent on the taxable property of any such county, to be assessed and collected in the same manner and at the same time and rate of compensation, as other county taxes, and, when collected, to be kept as a separate fund in the county treasury, and to be expended under the direction of the said county court, or board of supervisors, as the case may be, in liquidation of such indebtedness.  Session Laws 1863, p. 41.

This statute provides, fully, the mode, and the only mode, by which the debts of a county can be paid.  Public municipal corporations, as counties are, must, like private corporations, act within the grant of their powers and not beyond.  The legislature, well knowing the condition of the several counties in the State, and that they might be involved in debt to a greater or less extent, provided, in their wisdom, ample means by which their debts could be paid, and to those means must they be confined.  To suffer them to devise other means might, in many instances, be destructive of the best interests of the people.

It is not a question of advantage which the tax-payers may derive from the exercise of the power claimed, but it is a question of the right to exercise the power.  Defendant in error relies on what was said by this court in *The City of Galena* v. *Corwith*, 48 Ill. 423, for the exercise of this power.  The decision in that case was based upon the ground, that the city, by its charter, had power to borrow money, and not having been restricted as to

the means of exercising this power, could issue the bonds. It was held, in *Commissioners of Highways* v. *Newell*, 80 Ill. 587, that more was said in that case than the subject justified, and that it needed modification confining it to cases where the charter of incorporation expressly grants a power, for a corporation can not exercise any powers, save those granted, or necessarily implied in order to carry into effect a granted power.

The county orders, which were surrendered for these bonds, were evidences of county indebtedness only, and the manner of issuing them, and of their payment, is carefully provided for by law. All discretion on the part of the county officials, is taken away by this legislation.

We are satisfied the county court of Hardin county had no power or lawful authority to issue the bonds out of which this controversy arises, and the demurrer to the declaration should have been sustained.

We fail to discover, in any statute in force when these bonds were issued, any power in the several county courts to issue interest-bearing orders, and we are satisfied no such power existed. The county court could exercise no discretion in this matter—it was controlled by positive law.

To enable counties to fund their indebtedness, the legislature passed an act, approved April 14, 1875. The question and policy is left, by that act, to a vote of the majority of the legal voters of the county. Sess. Laws 1875, p. 68. The implication would be, that prior to the passage of this law, counties had not the power exercised in this case.

We perceive no ground of action set forth in this record, and the judgment must be reversed.

*Judgment reversed.*

Mr. JUSTICE WALKER: I think, under previous decisions of this court, the county had power to make the contract for the payment of interest on these evidences of indebtedness, and can not, therefore, concur in the conclusion reached.

Mr. JUSTICE SCOTT: I can not concur in this decision. It must be conceded, the county had authority to contract the

indebtedness, and, it seems to me, it follows it could evidence the fact by any written instrument, whether denominated a bond, order or certificate; and I know of no reason why it may not also agree to pay its creditor interest, in consideration of forbearance to enforce collection. This is the doctrine of *The City of Galena* v. *Corwith*, 48 Ill. 423, and I see no reason for departing from the principle of that case. As supporting my view of the law, reference is made to *Aurora Agricultural and Horticultural Society* v. *Paddock*, 80 Ill. 263, and *West* v. *Madison County Board of Agriculture, post*, 205. In my opinion, the judgment of the circuit court should be affirmed.