## John G. Strodtman, for use of Illinois Trust & Savings Bank, v. The County of Menard.

1. COUNTIES—*Void Warrants.*—Warrants drawn upon a county treasurer payable on demand are void if drawn against an empty treasury. (Sec. 1, Chap. 146 A, R. S.)

2. SAME—*Not Organized for Commercial Business.*—A county is a political division of the State organized for governmental and not commercial business; it has only such powers as are expressly conferred upon it by the statutes and the constitution of the State and such other powers as are incidental and necessary to the performance of some duty enjoined upon it by law.

3. SAME—*Power to Borrow Money.*—Power to borrow money is not an incident to local political government, and upon principle, a county can not do so in the absence of express authority of law.

4. SAME—*Power to Raise Money.*—A county has express power to raise money for legitimate expenditures by annual levies of taxes (Sec. 25, Chap. 34, R. S.), and may be authorized by an affirmative vote of the people to borrow money. (Sec. 40, Chap. 34, R. S.)

5. SAME—*Without Money in the Treasury.*—Without money in its treasury a county can, in general, issue no warrant; but if it has levies of taxes made and in course of collection, it may, under Sec. 2, Chap. 146 A, R. S., discharge claims against it for matters of ordinary and necessary expenses by drawing warrants against such levies and to be paid out of such taxes when collected.

6. SAME—*Invalid Warrants as Evidence.*—A county warrant, though invalid within itself, may, if issued in settlement of a lawful demand against the county, be received in evidence in support of the action to recover upon the original demand; but not so when the warrant is, in fact, issued as an obligation for the payment of money borrowed by the county board without lawful authority.

7. SAME—*Not Liable for Money Borrowed by the County Board.*—To hold a county liable to account for money borrowed by the county board

would be totally subversive of the statute, which prohibits the borrowing of money by the county board unless authorized to do so by the electors.

8. Same—*Money Illegally Borrowed—Remedy in Equity.*—If money illegally borrowed by a county board is appropriated by the board to the payment of lawful demands against the county, perhaps a court of equity might provide relief and decree that the complainant, upon some equitable doctrine akin to that of subrogation, succeed to the right of the persons whose lawful claims against the county have been discharged out of his money. But money illegally borrowed can not be recovered in an action at law.

**Memorandum.**—*Assumpsit. In the Circuit Court of Menard County;* the Hon. Cyrus Epler, Judge, presiding. Declaration; special counts on county warrants and common counts; trial by the court without a jury; finding and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 14, 1894.

## Statement of the Case.

The county of Menard is not under township organization. On the 19th day of December, 1890, its board of county commissioners in regular session convened, adopted the following order:

State of Illinois, ⎰ ss.
  Menard County. ⎱

The Board of County Commissioners of Menard County, State of Illinois, met in regular session December 19th, A. D. 1892.

As there is no money in the treasury of Menard county, Illinois, to meet and defray the ordinary and necessary expenses of the county during the current year, it is hereby ordered by the board of county commissioners of this county that two warrants, one for the payment of three thousand ($3,000) dollars. and one for the payment of two thousand ($2,000) dollars, both due and payable on the first day of May, 1893, to the bearer thereof, be drawn and issued by the said county, under the hand and official seal of the clerk of said county, and countersigned by the treasurer of said county, against and in anticipation of the collection of twenty-three thousand, five hundred ($23,500)

dollars of taxes levied by said county board on the 4th day of September, A. D. 1892, for the payment of the ordinary expenses of said county, directing said county treasurer to pay the same out of said tax levy. It is further ordered that said county treasurer set apart and hold of said taxes when collected a sufficient amount to pay said warrants when presented.

It appeared otherwise in the proof—that prior to the passage of this order the nominal plaintiff herein, J. G. Strodtman, had agreed to loan the county the sum of $2,000; that the First National Bank of Petersburg had contracted to loan it the sum of $3,000; and that the order above set forth was passed in order to procure such loans.

It further appeared that in pursuance of such agreement and order of the board, the county clerk of the county issued and delivered to said Strodtman the following instrument in writing or county warrant:

STATE OF ILLINOIS, ⎱ ss.
   Menard County.  ⎰

Board of County Commissioners, December session, 1892. No. c. 1303.

Treasurer of said county, pay to J. G. Strodtman or order two thousand dollars for money advanced, out of moneys in the treasury not otherwise appropriated.

Countersigned,        H. R. LEVERING, County Clerk.

    E. R. OELTJEN, County Treasurer.

On the 29th day of December, 1892. Strodtman borrowed $3,000 from the beneficial plaintiff, the Illinois Trust and Savings Bank of Chicago, executed his note therefor, and as collateral security for its payment indorsed said instrument or warrant as follows :

" For value received I hereby assign the within warrant to the Illinois Trust and Savings Bank, this 29th day of December, 1892. (Signed) J. G. Strodtman." And delivered it, so inclosed, to said Trust and Savings Bank.

The bank retained possession of Strodtman's note and the collateral intended to secure it until November, 1893, when the note and warrant were sent to the First National Bank

of Petersburg for collection.    Strodtman, who was a banker at Petersburg, failed to pay the note.    Payment of the order or warrants was demanded of the county, and being refused, this, an action of assumpsit, was instituted in the name of Strodtman for the use of the bank against the county to recover the sum of money named in the order or warrant, and in the order of the county under which it was issued.

The cause was submitted to the court without a jury and judgment rendered for the county, to reverse which this appeal was taken.

BLANE & BLANE, attorneys for appellant.

APPELLEE'S BRIEF, CHARLES NUSBAUM, STATE'S ATTORNEY, A ;D N. W. BRANSON, ATTORNEYS.

If, by law, a particular claim is to be paid out of a special fund, a warrant or order issued therefor should be made payable out of such fund; if made payable from the treasury generally by the officers issuing it, the corporation is not bound by their act.    1 Dillon, Municipal Corporations (3d Ed.), 505 (413); Glidden v. Hopkins, 47 Ill. 525.

To have the effect of making a warrant payable out of taxes levied, the warrant should be specifically drawn against the uncollected taxes of the particular year and not against the general fund or other funds in the treasury. To anticipate uncollected taxes of any fund the warrant must be specifically against and to be paid out of the taxes levied for that particular fund.    Fuller v. City of Chicago, 89 Ill. 282.

Counties possess no powers except those specially given by law or necessary to the exercise of some so given. County of Grundy v. Hughes, 8 Brad. 34.

It is a familiar principle that where a statute points out a particular course to be pursued to effect a particular purpose, no other course can be lawfully pursued.    County of Hardin v. McFarlan, 82 Ill. 138.

Municipal corporations can neither borrow money nor issue negotiable securities without express legislative sanc-

tion or irresistible implication.    Newgass v. New Orleans, 42 La. Ann. 163, 21 Am. St. Rep. 368.

It should be remembered, also, that the express powers can be executed without holding that there is an implied power to borrow money.    The revenue provisions of charters supply the county with money.    And powers are not held to exist merely because they are convenient.    Note 3, Sec. 118, 1 Dillon, Mun. Corp.

Mr. Justice Boggs delivered the opinion of the Court.

We think the court properly refused to award judgment against the county.

The warrant upon its face was payable on demand, but if considered in connection with the order of the board under which it was issued it may well be regarded as having been drawn against taxes already levied and in the course of collection, and as falling due on the 1st day of May after its date.    There was no money in the treasury when it was issued.

If payable upon demand it was drawn in flagrant violation of Sec. 1, Chap. 146 A, of the statutes, and for that reason could not be made the basis of a recovery in a court of law.

Warrants against a county treasurer payable on demand are void if drawn against an empty treasury.    County of Cook v. Lowe, 23 Ill. App. 649.

This is not only true as to the nominal plaintiff, who had full knowledge of all the facts, but is equally true as to the beneficial plaintiff, for the reason that it received the warrant when it was past due, unpaid, and therefore dishonored, and open to all defenses available as against the nominal plaintiff.    We concede, however, the contention of the appellant that the warrant is to be considered in connection with the order of the county board directing it to be issued.

So considered, it is clear that the county board borrowed of the nominal plaintiff the sum of $2,000, and gave the warrant as an obligation of the county for the repayment of that sum out of taxes then levied and to be afterward

collected, and if this order is brought to the aid of the warrant the beneficial plaintiff must stand charged with notice of all facts disclosed in the order. The order recites that there was then no money in the treasury wherewith to defray the ordinary and necessary expenses of the county. The argument of appellant's counsel is that as there was no money in the treasury the county board was authorized by the provisions of section 2 of said chapter 146a to borrow money to meet and defray such expenses, and to draw a warrant which would constitute a legal and valid indebtedness against the county for the amount so borrowed.

As we conceive the law to be, section 2 does not confer such power.

A county is a political division of the State organized for governmental, not commercial or business purposes. It has only such powers as are expressly conferred upon it by the statutes and constitution of the State, and such other powers as are incidental and necessary to the performance of some duty enjoined upon it by law. County of Hardin v. McFarlan, 82 Ill. 138; Law v. The People, etc., 87 Ill. 385.

It has express power to raise money for legitimate expenditures by annual levies of taxes (p. 6, Sec. 25, Chap. 34, R. S.), and may be authorized by an affirmative vote of the people to borrow money. Sec. 41, Chap. 34, R. S.

Power to borrow money is not an incident to local political government, and upon principle a county can not exercise it in the absence of express authority of law so to do. Hewitt v. School Dist., 94 Ill. 528; School Directors v. Fogarty, 76 Ill. 189; Law v. The People, 87 Ill. 385; Newgass v. New Orleans, 21 Amer. St. Rep. 368.

The statutory provision that such power may be exercised if authorized by the electors of the county is, as we think, to be regarded as excluding the right to exercise the power except when authorized by a vote of the people. County of Hardin v. McFarlan, *supra.*

The mode by which a county may exact from its people funds needful for lawful expenses of the county, the purpose for which said funds may be expended, and the man-

ner of its disbursement from the county treasury, are defined and regulated by statute, and as was said in Belts v. Menard, Breese, 395, the county is "incapable of exerting its faculties only (except) in the manner the law authorizes."

Appellant's counsel urge that the power to borrow money is to be implied as incidental to the proper discharge of the powers given and duties enjoined upon counties by Secs. 23, 24 and 25 of Chap. 34, R. S. Those sections only confer upon county authorities, whether a board of county commissioners or supervisors, power to manage and control the county funds, and transact county business according to law.

And so in effect it has been ruled by our Supreme Court. Lock v. Davidson, 111 Ill. 19; Cook Co. v. McRea, 93 Ill. 236.

Nor do we think power to borrow money is expressly, or by implication, given by the provisions of Sec. 2 of Chap. 146a.

Funds raised by the county in pursuance of law are committed by the statute to the custody of the county treasurer.

The power of the county board over such funds is to order it to be appropriated by the treasurer to the discharge of lawful demands against the county. This the board accomplishes by entering an order directing the clerk of the board to draw a warrant directing the treasurer to pay a person named therein an amount which the board has officially ascertained such person is entitled to receive out of the public moneys in satisfaction of a legitimate demand against the county.

Such warrants do not increase or create indebtedness against the county, but, upon the contrary, are intended to serve only as an official direction to the treasurer to discharge an existing indebtedness by payment thereof. In order to prevent the issuance of county warrants for other purposes, and also in pursuance of the general public policy that counties should transact their business upon a cash basis, the General Assembly, by Sec. 1, Chap. 146a, made it unlawful to issue a warrant payable on demand when the treasurer had

no money which he could lawfully apply in pursuance of the directions contained in the warrant.   Sec. 2 of the same chapter was enacted in recognition of the fact that the county treasurer might at times be without funds, and the county at the same time in need of materials or articles, or of the services of persons necessary to the proper discharge of its ordinary corporate functions.   It was not deemed best, however, even in such instances, to grant the county authorities any greater power than they otherwise possessed to incur indebtedness or create liabilities to be met and paid by the county, but to meet such an emergency it was provided by Sec. 2 in question, that a county, if it had no money in its treasury applicable to the payment of its "necessary and ordinary expenses," but had taxes levied therefor and in the process of collection, might, in order to meet and defray its necessary and ordinary expenses, issue a warrant not payable on demand nor against its treasury, but against and in anticipation of the taxes to be collected.

A county having money in its treasury discharges a lawful demand against it by delivering to the persons holding such demand an order or warrant authorizing and directing the county treasurer to apply the necessary sum out of the fund in his custody to the payment of the demand.

Without money in its treasury a county can, in general, issue no warrant, but if it has levies of taxes made and in course of collection, it may, under the provision of Sec. 2 in question, discharge a claim against it for some matter of ordinary and necessary expense by drawing a particular manner of warrant against such levies and to be paid out of such taxes when collected.

Neither section 1 nor section 2 gives to the county board power to create indebtedness or liabilities against a county. Each section was enacted solely to provide a mode for the payment of indebtedness, and to discharge liabilities which the board otherwise had lawful power to contract.   Section 1 provides for payment by the appropriation of funds on hand, and section 2 by the appropriation of funds to come into the county treasury in the due course of law.   War-

rants under the first section are authorized to issue for the payment of all legitimate county indebtedness under section 2; the warrant authorized is only to be used in discharging indebtedness incurred in this way of the ordinary and necessary expenses of the county. Neither section empowers a county to borrow money nor to issue warrants as obligation for the repayment of borrowed money.

It seems clear to us that no right of recovery can be based upon the warrant as a valid and binding instrument, evidencing an indebtedness against the county. The evidence discloses that the county received the sum of money mentioned in the warrant, and it is urged that, though the warrant is void, the plaintiff, under the evidence, should have recovered judgment under the common counts as upon an account stated, or for money had and received.

A warrant, though invalid within itself, might, if issued in settlement of a lawful demand against the county, be received in evidence, in support of an action to recover upon the original demand, but not so when the warrant was, as in the case at bar, issued as an obligation for the repayment of money borrowed by the county board without lawful authority.

To hold a county liable to account for money borrowed by the county board, would be totally subversive of the statute, which prohibits the borrowing of money by the board unless authorized so to do by the electors of the county.

To declare the doctrine in the abstract, and yet ratify its violation in practice, would operate to invest the board with the very power which the statute withholds and denies. Nor can the case for the plaintiff be maintained by force of the "general obligation to do justice," which counsel for the appellant insists " binds all persons, natural or artificial."

If the money illegally borrowed by a county board is appropriated by the board to the payment of lawful demands against the county, perhaps a court of equity might provide relief, and decree that the complainant, upon some

equitable doctrine akin to that of subrogation, should succeed to the right of the persons whose lawful claims against the county had been discharged out of his money.

Money thus illegally loaned can not, as we think, be recovered in an action at law. The reasoning of the court in case of Town of Hackettstown v. Snachamer, 37 N. J. Law 181, is instructive upon this point.

In the view we have taken of this case, it did not become necessary that we should determine the contention of the appellee that the transactions between its treasurer and the nominal plaintiff established its plea of payment.

The judgment of the Circuit Court must be, and is, affirmed.