## Louis A. Coquard v. The Village of Oquawka.

1. MUNICIPAL CORPORATIONS—*No Inherent Power to Issue Bonds.*— A municipal corporation has no power to issue renewal or refunding bonds as a matter of course, merely because it has become in debt.

2. SAME—*Established for Purposes of Local Government.*—Municipal corporations are established for purposes of local government and in the absence of a specific delegation of authority, they are powerless to engage in any undertakings not directed immediately to the accomplishment of such purposes.

3. TOWNS—*Without Authority to Issue Bonds Under the Act of 1865.* —The act of February 13, 1865 (Laws of 1865, page 44), confers no power upon incorporated towns to issue bonds for the purpose of refunding its indebtedness. The act limits the right to issue such bonds to counties and cities.

Assumpsit, on municipal bonds. Error to the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 11, 1900.

FRANKLIN A. McCONAUGHY, attorney for plaintiff in error, contended that the act of 1865, the original title of which

read " An Act relating to county and city debts, and to provide for the payment thereof by taxation in such counties and cities " (approved and in force February 13, 1865, (Laws of 1865, p. 44), and which names, counties and cities and the act of 1869, entitled " An Act to fund and provide for paying the railroad debts of counties, townships, cities, and towns" (in force April 10, 1869, Laws of 1869, p. 316), are both in their nature and purpose remedial acts falling within all approved definition.    Potter's Dwarris on Statutes and Constructions (1871), p. 73; 1 Black. Com. 86; Endlich on the Interpretation of Stats., Sec. 108.

RAUS COOPER and KIRKPATRICK & ALEXANDER, attorneys for defendant in error.

A municipal corporation can exercise the following powers and no others :   First, those granted in express words; second, those necessarily and fairly implied in or incident to the powers expressly granted;  and third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable.    Huesing v. The City of Rock Island et al., 128 Ill. 465; Trustees v. McConnel, 12 Ill. 138;  Law v. People, 87 Ill. 385; Hall v. Jackson County, 95 Ill. 352; Strodtman v. County of Menard, 56 Ill. App. 125;  C. & N.W. R. R. v. Chicago, 148 Ill. 141; Maywood v. Maywood, 140 Ill. 216;  Smith v. McDowell, 148 Ill. 51; Wheeler v. County of Wayne, 132 Ill. 599; Hewitt v. Normal School, 94 Ill. 528; Mayor v. Ray, 19 Wall. 476.

 A municipal corporation has no inherent power to issue negotiable paper. . Being created for governmental and not for commercial purposes, the power to borrow money or incur debts is not incident to their corporate existence. Bourdeaux v. Coquard, 47 Ill. App. 254; Law v. People, 87 Ill. 410;  Mayor v. Ray, 19 Wall. 476; Hutchinson v. Self, 153 Ill. 550; 1st Dillon Mun. Corp. 488, note, page 564.

Where a particular mode or course is provided by statute to effect a particular purpose no other can lawfully be pursued.   County of Hardin v. McFarlin, 82 Ill. 138; Locke v. Davison, 111 Ill. 23;  Goodrich v. Lincoln, 93 Ill. 359;

Gaddis v. Richland County, 92 Ill. 124; Mayor v. Ray, 19 Wall. 475.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit brought by plaintiff in error against defendant in error upon five bonds of $1,000 each issued by the city of Oquawka.

The declaration contained one special count and the common money counts. The special count alleges that on January 1, 1871, defendant in error was a town organized under the general law then in force; that in pursuance of an act entitled "An act to authorize the town of Oquawka to subscribe to the capital stock of certain corporations therein named," approved June 1, 1852, and also an act entitled "An act to incorporate the town of Oquawka," approved February 11, 1857, the defendant in error, as the town of Oquawka, issued certain bonds upon which there was due for principal and interest on January 1, 1871, the sum of $60,000; that on July 1, 1871, for the purpose of compromising, settling and refunding said indebtedness and disposing of certain suits on the same then pending against it under the name aforesaid, the defendant in error under the name and style of the city of Oquawka, the form of municipal organization having been changed from a town to a city, executed and issued in exchange for and upon the surrender of said bonds theretofore issued, at the rate of fifty cents upon the dollar of the amount due, its certain bonds in writing numbered from 10 to 14 inclusive, each for the sum of $1,000, dated July 1, 1871, payable to bearer twenty years after date, with interest at the rate of six per cent per annum, according to coupons annexed thereto; that similar bonds were issued in payment of the balance of said matured indebtedness at the same rate and that all of said bonds were on said July 1, 1871, delivered to the holders and owners of the old bonds; that said bonds were issued in pursuance of a certain act entitled "An act relating to county and city debts and to provide for the payment

thereof by taxation in such counties and cities," approved February 13, 1865; that plaintiff became the bearer, holder and owner of said five bonds for value on July 1, 1871, and is still the holder and owner of the same; that demand has been made for payment but that no part thereof has been paid. A demurrer was interposed to the special count which was sustained by the court. To said common counts defendant in error pleaded the general issue, set-off and the statute of limitations. On the two former pleas issue was joined; to the latter plaintiff in error replied setting up the bonds as a new promise to pay the original indebtedness and issue was joined thereon. A jury was waived and the cause tried before the court which found the issues in the case for the defendant and entered judgment against the plaintiff for costs. In addition to the statements contained in the declaration, the evidence showed that the bonds issued under the law of 1852 were $10,000 in amount and were given to the Oquawka and Washington Plank Road and Ferry Company, and that those issued under the law of 1857 were $25,000 in amount and were issued to certain persons for labor done and material furnished by them on the Peoria and Oquawka Railroad; that suit was instituted for the purpose of collecting the principal and interest of these bonds by the Merchants National Bank of St. Louis, Missouri, in December, 1870; that on January 30, 1871, an agreement between the parties was ratified by the town board whereby the town of Oquawka was to pay fifty cents on the dollar in new bonds of the town properly executed "or of the corporation if it is thought best that said town should become a city to give validity and value to said bonds;" that on the same date, without making an enumeration of the inhabitants, an election was called on the question of city organization, and on February 21st following an election was held and declared to have been carried in favor of city organization. Each bond on its face contained the statement that it was issued under the act of February 13, 1865, above referred to, and upon the back of each bond the act was printed in full. Each bond also contained an

indorsement to the effect that it had been registered by the State Auditor of Public Accounts in pursuance of said act.

The first question which arises is whether the city of Oquawka had the legal power to issue the bonds in suit. They purport on their face to have been issued under the law of 1865, the title of which was " An act relating to county and city debts and to provide for the payment thereof by taxation in such counties and cities." It was provided in section 1 :

" That in all cases Where counties and cities have heretofore, under any law of this State, issued bonds or securities for money on account of any subscription to the capital stock of any railroad company or on account of or in aid of any public improvement, and the same remain outstanding, or any debt arising thereout remains unpaid, the board of supervisors or county court of such county and the city council or municipal authority of such city, as the case may be, having issued such bonds as securities, may, upon due surrender of such bonds or securities or cancellation of such debt, issue in place thereof to the holder or owner, new bonds in such form, for such amount, upon such time and drawing such interest as may be agreed upon with the holder or owner." Laws of 1865, p. 44.

At the time the original bonds were issued Oquawka was incorporated as a town and the acts of 1852 and 1857 gave authority to the town of Oquawka to issue the bonds. The act of 1855 did not mention towns among those entitled to its benefits and therefore there was no power directly given by the said law to the town of Oquawka to take up said bonds and issue new ones in payment or compromise of the same. In the case of The People v. Lippincott, 81 Ill. 193, the court in discussing this act said: " The act of 1865 limited the right to the fund, to counties and cities."

The case of Welch v. Post, 99 Ill. 471, was a suit to restrain the collection of taxes to pay any portion of the principal and interest on bonds issued by the town of Enfield to a railroad company in 1871 and to declare said bonds null and void. The charter of the railway company enacted in 1867 provided for donations to it by incorporated towns and cities but made no provision for issuing bonds. In 1869

an act amendatory thereof was passed making provision for the issuing of bonds to said railway company by villages, cities, counties and townships, not naming towns. Enfield had been incorporated as a town under the laws of 1869 and remained so until August, 1875. The court held there was no power given the town of Enfield by the original charter of the railway company to issue the bonds in question, and said further:

"Nor is there any authority found in the amendatory act of 1869 that at all enlarges the powers of the town of Enfield in the matter of issuing bonds. Incorporated towns are omitted from the municipal corporations enumerated that may make donations to the railway company and issue interest-bearing bonds in payment. Why incorporated towns were omitted in that act can not now be known. It may have been done advisedly or inadvertently. In either case the effect is precisely the same. By the original act, as we have seen, incorporated towns have the undoubted right to make donations to the railway company, payable by taxation, but had no right to issue bonds, maturing in the future, in payment. The amendatory act does not even purport to confer additional authority on incorporated towns in that regard, neither in the title nor the text of the bill. What seems to have been deliberately omitted by the General Assembly can not be supplied by judicial construction. That would invade the legislative department, which the court has neither the right nor inclination to do."

The bonds were, therefore, held to have been issued without authority of law, and void.

By the same reasoning we are led to hold that as the law of 1865 applied only to bonds theretofore issued by counties or cities and Oquawka was not organized as a city until 1871, it was not authorized to issue the bonds in question by said act. It is claimed, however, that as the new bonds were not issued until 1871 they fall under the provisions of the law of 1869 relating to the same subject. The latter law is much broader in its terms than the law of 1865 and includes within its provisions counties, townships, cities and towns. (Laws of 1869, p. 316.) It does not, however, refer in any way to the law of 1865, and can not be considered as an amendment of the same. If appellant is not estopped by

the recitals in the bonds themselves to seek to support them under any other law than that of 1865, still we are of opinion the act of 1869 is inapplicable. That is entitled " An act to refund and provide for paying the railroad debts of counties, townships, cities and towns." Part of the original bonds of the town of Oquawka, to refund which the bonds in suit were issued, were issued to pay a subscription to the capital stock of a Plank Road and Ferry Company as already stated, and the rest were issued to Stephen S. Phelps and William R. Jamieson to pay them for grading, tieing and bridging a railroad. We doubt if said last mentioned bonds to private individuals can be called a railroad debt. Certainly nothing in this record indicates that the Plank Road and Ferry Company was a railroad company. Hence the original bonds were either wholly or partially outside the designation " railroad debts," and the issue of the refunding bonds to take their place was not within the authority granted by the act of 1869. Again, at the time the refunding took place, the old bonds were not held by any railroad company, but they were held by the Merchants' National Bank of St. Louis, and by certain private persons. The town or city of Oquawka was not then indebted to any railroad company, nor does it appear that any railroad company ever held any of the old bonds. Therefore, the old bonds were not " railroad debts," and the act of 1869 is not applicable. It follows that the refunding bonds in question must be held to have been issued without statutory authority, and are void.

It is contended, however, by plaintiff in error, that even though there was no authority given by statute for issuing the refunding bonds, yet there was an inherent and implied power in the city of Oquawka to refund its bonded indebtedness. A part of the issue of bonds in question here have been passed upon by the United States Circuit Court of Appeals for the Seventh Circuit, by which tribunal said bonds were held to be void. In its opinion the court held, among other things, that the power to issue renewal or refunding negotiable bonds does not exist as a matter of course merely

because the municipal corporation is indebted. Village of Oquawka v. Graves, 53 U. S. App. 452.

Our Supreme Court, following the rule laid down by Dillon in his work on Municipal Corporations, has said:

"A municipal corporation can exercise the following powers: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable." Huesing v. Rock Island, 128 Ill. 465; 1 Dillon on Municipal Corporations, Sec. 55.

It is true that the court in City of Galena v. Corwith, 48 Ill. 423, held:

"Every corporation, or every natural person, has the undeniable and inherent right to pay its debts, or provide for their payment—to fund them, if that be deemed the best policy, and issue the necessary evidences thereof. It will not be denied, municipal corporations have power to contract debts, and without limit, unless restricted by their charters. Having this power, it follows they can provide for their payment in such mode as they and the holders of the indebtedness may agree upon. * * * A city being in debt, which is evidenced by scrip or by promissory notes, may surely change the form of the indebtedness to interest-bearing bonds, and this without any express authority in its charter."

But in the case of County of Hardin v. McFarlan, 82 Ill. 138, it was said, in speaking of the Galena case:

"The decision in that case was based upon the ground that the city, by its charter, had power to borrow money, and not having been restricted as to the means of exercising this power, could issue the bonds. It was held in Commissioners of Highways v. Newell, 80 Ill. 587, that more was said in that case than the subject justified, and that it needed modification confining it to cases where the charter of incorporation expressly grants a power; for a corporation can not exercise any powers, save those granted, or necessarily implied in order to carry into effect a granted power."

And the court thereupon proceeded to hold that certain bonds which had been issued by the county of Hardin to take up indebtedness evidenced by county orders were issued without lawful authority.

In Hewitt v. Board of Education, 94 Ill. 528, it was held:

" Where a corporation is created for business purposes all persons may presume such bodies, when issuing their paper, are acting within the scope of their power. Not so with municipalities. Being created for governmental purposes, the borrowing of money, the purchase of property on time, and the giving of commercial paper, are not inherent or even powers usually conferred; and unless endowed with such power in their charters, they have no authority to make and place on the market such paper, and persons dealing in it must see that the power exists. This has long been the rule of this court."

In the case of Merrill v. Monticello, 138 U. S. 673, it was said:

" Municipal corporations are established for purposes of local government and in the absence of specific delegation of power can not engage in any undertakings not directed immediately to the accomplishment of those purposes. * * * The inability of municipal corporations to issue negotiable paper for their indebtedness, however incurred, unless authority for that purpose is expressly given or necessarily implied for the execution of other express powers, has been affirmed in repeated decisions of this court."

Hence we conclude that municipalities in this State have no inherent power to issue bonds to refund indebtedness in the absence of express power conferred by statute.

It follows from what is above said that the bonds in question were issued without authority; and such being the case, even a *bona fide* holder of them can not have a right to recover upon them or their coupons. Brenham v. German American Bank, 144 U. S. 173; Marsh v. Fulton County, 10 Wall. 676. Appellant contends that even if the bonds were invalid he is entitled to recover in this case under the common counts. If, however, this is to be treated as a suit brought for money paid by the plaintiff for the use of or directly to defendant, we think the claim is plainly barred by the statute of limitations.

We are therefore of opinion that the judgment of the court below was correct and it is accordingly affirmed.