Charles F. Randolph, Appellee, v. Town of Bernadotte, Appellant.

Gen. No. 8,036.

1. MUNICIPAL CORPORATIONS—*no inherent power to borrow money.* No local government has inherent power to borrow money for any purpose.

2. MUNICIPAL CORPORATIONS—*compliance with authorizing statute prerequisite to power to borrow money.* Strict compliance with an authorizing statute is a condition upon the power of a local government to borrow money.

3. MUNICIPAL CORPORATIONS—*validity of obligation for borrowed money contingent upon compliance with authorizing statute.* Where the statute prescribes the conditions under which a municipality may borrow money, no liability may be created against the municipality unless such conditions are strictly complied with.

4. HIGHWAYS—*power of highway commissioners to borrow money.* Cahill's St. ch. 121, ¶ 62, pertaining to the powers and duties of highway commissioners, confers no power upon such officers to borrow money.

5. MUNICIPAL CORPORATIONS—*when tax-anticipation warrant ineffective as appropriation of existing levy.* A tax-anticipation warrant, issued in payment of a loan made to a highway commissioner to provide funds for the building of a bridge, cannot be given effect as an appropriation of an existing tax levy of the town for whose benefit the bridge was constructed, where no authorizing proceedings were had pursuant to Cahill's St. ch. 121, ¶ 74, and the records of the commissioner and of the town were silent with respect to the transaction.

6. MUNICIPAL CORPORATIONS—*issuance of tax-anticipation warrant in payment of loan effective only as assignment pro tanto of expected fund.* An anticipation warrant issued against an existing tax levy in payment for a loan made the highway commissioner of a road district creates no liability against a town for the benefit of which it was borrowed, but is merely the assignment of a fund to come into the treasurer's hands.

7. TOWNSHIPS—*when not liable upon warrant issued by highway commissioner in payment of loan to build bridge for benefit of town.* A town cannot be held liable in an action upon a warrant issued by a highway commissioner for money loaned for a bridge built for the benefit of the town.

Appeal by defendant from the Circuit Court of Fulton county; the Hon. WILLIS F. GRAHAM, Judge, presiding. Heard in this court at the October term, 1926. Reversed. Opinion filed February 28, 1927.

GLENN RATCLIFF, for appellant.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an action of assumpsit, based upon the common counts brought by appellee against appellant, to recover a sum of money loaned by appellee to the commissioner of highways of said town, to pay the expenditures upon a bridge in said township.

Attached to the declaration is a copy of the instrument sued on, which is an order drawn by the highway commissioner of Bernadotte township, dated March 31, 1920, in the sum of $157.50, which shows on its face that it becomes due April 1, 1921. On the reverse side of the order appears the statement that the same is for money advanced for Loveland bridge and road, lumber, material, hauling and work, due April 1, 1921, with interest at six per cent from date of order.

The evidence produced on behalf of appellee, which was admitted by the court over the objection of appellant, tended to show that on May 16, 1919, Lewis McCaughey, who was then commissioner of highways of Bernadotte township had constructed a bridge in said township, known as the Loveland bridge, and that on that date, in accordance with a previous arrangement made with appellee, he went to the home of appellee in Ipava, Fulton county, and there delivered to appellee a warrant, bearing date May 16, 1919, drawn on the treasurer of Bernadotte township, and which warrant, as testified to by the witnesses of appellee, bore the following statement on the face thereof: "Anticipation warrant, payable from taxes when collected." At the time the warrant was delivered to appellee, he gave to Lewis McCaughey a check for $150, which check was made payable to Lewis McCaughey. The evidence shows that McCaughey, immediately after receiving the check, indorsed the same and delivered it to Clarence Clanin as a part payment for the work which was done by Mr. Clanin on the Loveland bridge.

The warrant so issued to appellee was never paid and was never presented by appellee for payment. About 10 months later, McCaughey, who was still the commissioner of Bernadotte township, received this warrant from appellee and delivered to him in exchange therefor the warrant upon which suit is brought in this case. The money was never paid to the treasurer of Bernadotte township and the records of the township failed to disclose anything whatever with reference to this transaction. The commissioner's record shows that no record was ever made of any meeting where it was decided by the commissioner to issue the anticipation warrant in question. Further, the stubs of the orders which were preserved by the commissioner did not contain any stub of the order

originally issued to appellee. McCaughey testified, however, that he destroyed the stub when the new order was issued. The report of McCaughey as commissioner, covering the period of time when the original warrant is alleged to have been issued, failed to show anything in regard to this transaction.

There was a verdict and judgment for appellee and appellant brings the record to this court for review.

Errors are assigned upon the court's rulings in the admission and rejection of evidence and the giving and refusing of instructions, the most of which are determined by an understanding of the basic principles applicable to the case. The court instructed the jury to find a verdict for appellee, if they found from a preponderance of the evidence that appellant had had and received money of the appellee and had failed to repay the same. The court further instructed the jury:

"If you believe, from a preponderance of the evidence, the commissioner of highways of Bernadotte Township on or about the 16th day of May, 1919, for a valuable consideration paid by the plaintiff, delivered to the plaintiff a tax anticipation warrant to be paid out of the road and bridge fund of said town from taxes already levied, and thereafter on or about the 31st day of March, 1920, the plaintiff at the request of said Highway Commissioner of the defendant exchanged said warrant for another warrant represented by said Highway Commissioner to the plaintiff to be a tax anticipation warrant, which the plaintiff thereafter discovered was not a tax anticipation warrant as represented but was a warrant general in it terms, then the jury are instructed, if you find the facts as aforesaid to be proven as aforesaid, the plaintiff would have the right, even although you may believe that the first warrant was destroyed, to recover in this suit of the defendant such sum as is shown by the evidence in this case the defendant is indebted to

the plaintiff by reason of the consideration paid for the first warrant above referred to.''

It is plain that these instructions do not state the law applicable to this case. The power to borrow money does not exist in a local government, independent of statute, and when money is borrowed under the provisions of the statute, the statute must be strictly complied with. (*Strodtman v. County of Menard*, 56 Ill. App. 120; *Strodtmann v. County of Menard*, 158 Ill. 155; *County of Hardin v. McFarlan*, 82 Ill. 138; *Commissioners of Highways v. Newell*, 80 Ill. 592; *Law v. People*, 87 Ill. 385; *Commissioners of Highways of Town of Deer Park v. O'Sullivan*, 16 Ill. App. 34; *Coquard v. Village of Oquawka*, 192 Ill. 355; *President & Trustees of Lockport v. Gaylord*, 61 Ill. 276.) And the rule is of equal force that where the statute prescribes the conditions upon which money may be borrowed by a municipality, no liability can be created against the municipality unless such conditions are complied with. *Strodtman v. County of Menard, supra*.

We have examined carefully all of the provisions of section 56 of chapter 121, Smith-Hurd's Rev. St. [Cahill's St. ch. 121, ¶ 62] pertaining to the powers and duties of the highway commissioner, and find that he is not vested with the power to borrow money. Paragraph 67 [Cahill's St. ch. 121, ¶ 67] of the same chapter provides that when the highway commissioners desire to expend on any bridge or bridges, or approaches thereto, in any district, a greater sum of money than is available to them, by other means, the said commissioners may call a special town or district election to vote on the proposition. No such action was taken in this case. This claim, if it has any legal standing, must be based upon an anticipation warrant issued against the tax levy of 1919. Evidently the parties attempted to appropriate a part of the

existing tax levy made by appellee town, but no record of any kind was made of the transaction or the necessity of the action, and we are unable to learn from the record in this case how many or to what extent anticipation warrants were issued against the tax levy, or what funds the commissioner of highways had on hand, if any, when the warrant was issued. In any event, if it be construed as an anticipation warrant, it created no debt or liability against appellant, but effected merely an assignment or transfer of a fund to come into the treasurer's hands. (*City of Springfield v. Edwards*, 84 Ill. 626; *Law v. People ex rel. Huck*, 87 Ill. 385, 399; *Fuller v. Heath*, 89 Ill. 296, 307; *Booth v. Opel*, 244 Ill. 327; *Commissioners of Highways of Town of Goshen v. Jackson*, 165 Ill. 23; *City of East St. Louis v. Flannigan*, 26 Ill. App. 449, 460.)

In *City of Springfield v. Edwards, supra,* it was held:

"Where a warrant or order, payable from a specific appropriation of a tax levied but not yet collected, is accepted in exchange for services rendered or to be rendered, or for materials furnished or to be furnished, so that there is, in fact, but the exchange of one thing for another, the duty remains for the proper officers to collect and pay over the tax in accordance with the appropriation—but, obviously, for any failure in that regard, the remedy must be against the officers and not against the corporation, for, otherwise, a contingent debt would, in this way, be incurred by the corporation."

Whatever rights appellee may have or might have had against any of the officers of the town, it is plain from the elementary principles governing municipal bodies that he has no cause of action against the appellant. In no case could the township or the town fund become chargeable for items of expense incurred

by the commissioner of highways for road or bridge work. *People v. Baltimore & O. R. Co.*, 322 Ill. 623.

The judgment of the circuit court of Fulton county is reversed.

*Reversed.*