The Cincinnati, Indianapolis and Western Ry. Co.

*v.*

The People *ex rel.* George W. Myers, County Collector.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. Taxes—*power of court to correct tax proceeding under section 191 of Revenue act.* Under section 191 of the Revenue act, if the tax levy was made for a specific purpose and the officer whose duty it was to record the proceedings of the town meeting neglected to make a proper record, the record may be corrected, on application for sale, to correspond with the facts upon satisfactory parol proof.

2. Same—*when evidence is not sufficient to amend record of town meeting.* The record of a town meeting showing that the town tax was levied for "town purposes" cannot be amended so as to show the particular purposes of the tax upon evidence which fails to establish that the voters understood such purpose, the motion, as put to the voters, being to raise money for "town purposes."

3. Same—*presumption is in favor of legality of tax levy.* The presumption is in favor of the legality of a tax levy, and the burden is upon the objector to show that it is illegal.

4. Same—*when a "hard roads" petition sufficiently describes proposed roads.* A petition for hard roads, filed under the act of 1883, (Laws of 1883, p. 132,) sufficiently describes the "location and route of the proposed road" if such description is clear enough to inform the voters of the township as to what roads they are voting, and it is not necessary that such description be as definite as in the case of the location of a new road.

5. Same—*when description of "hard roads" petition refers to a single road.* A description in a "hard roads" petition of a road as "running directly east" to a certain point "and northward to the county line" will be construed as referring to one road and not to two roads, one running east and west and the other north and south.

6. Same—*section 119 of Road and Bridge act construed.* Section 119 of the Road and Bridge act, referring to townships under the labor system, does not require the highway commissioners to meet on any particular day to ascertain the amount of road and bridge tax to be levied, it being sufficient if the meeting is held and the amount ascertained, so that the certificate of levy can be presented to the supervisor of the township at the proper time. (*Commissioners of Highways* v. *Newell,* 80 Ill. 587, explained.)

Appeal from the County Court of Edgar county; the Hon. Walter S. Lemon, Judge, presiding.

George W. Fisher, for appellant.

John W. Murphy, (J. W. Shepherd, and F. C. Van-Sellar, of counsel,) for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

The appellant railroad company owns and operates its railroad through the townships of Prairie, Ross and Young America, in the county of Edgar, which was duly assessed for taxation for the year 1902 by the State Board of Equalization, and taxes extended thereon by the county clerk according to the several certificates of levy for taxes filed with him for that year. It paid a part of such taxes but refused to pay the balance, and the county collector applied to the June term of the county court for judgment and order of sale of its property for the delinquent taxes, together with interest and costs. Appellant appeared by counsel and filed numerous objections to the rendition of judgment, and the case was heard by the court on the 12th day of June, 1903, and taken under advisement until the 6th day of July, when judgment was rendered sustaining the objections to a part of the taxes objected to, as to which there is no further controversy, but overruled those to other levies and rendered judgment of sale for the same. To reverse that judgment this appeal is prosecuted.

The taxes to which objections were overruled were as follows: Prairie township town tax, $50.35; Young America township town tax, (main line,) $47.48; Young America township town tax, (O. R. div.) $14.75; Prairie township road and ditch damage tax, $67.13; Ross township hard road tax, $313.41; Young America township road and bridge tax, $189.93; Young America township road and bridge tax, (O. R. div.) $58.98.

The substantial objection to the Prairie township and Young America township town taxes is, that the purposes for which they were levied are not shown by the record of the annual town meeting in said township. It appeared

upon the hearing that the records of those townships showed that the town tax in the former was for "town purposes" and in the latter for "town expenses." Section 3 of article 4 of the Township Organization act (3 Starr & Cur. Stat. p. 3925,) confers power upon town meetings to levy taxes for the several purposes mentioned therein, the third of which is, "for any other purpose required by law." It is under this delegation of power that the people seek to justify the levy of said tax, and the question is, whether or not the general declaration of the town meeting for "town purposes" and "town expenses" is a lawful exercise of such power. This question we have expressly decided in the negative. (*People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51.) We there said (p. 55): "The tax-payer is not to be concluded by the opinion of the electors as to what are the legal purposes to forward which he may be required by the town to part with his money by way of taxation upon his property. He has the right to know and be informed by the proposition adopted by an annual town meeting directing that money be raised by taxation, the purpose for which the exaction of the tax is ordered."

The above proposition does not seem to have been controverted by counsel for the People on the trial, and oral testimony was introduced, over the objection of appellant, to show the specific purpose for which the taxes were levied, and on that testimony a motion was made on behalf of the appellee to amend the record of the town meeting. The competency of the oral testimony is challenged, and it is insisted that the trial court erred in permitting the record to be amended. The action of the trial court is justified by counsel for appellee under section 191 of the Revenue law of this State. (3 Starr & Cur. Stat. p. 3471.) That section makes liberal provision for the correction of irregularities and omissions in proceedings of officers connected with the assessment and levying of taxes which do not affect the substantial jus-

tice of the tax itself, and those provisions are broad enough to justify the admission of the parol testimony introduced in this case. That is, if, as a matter of fact, the levy was for a specific purpose or purposes, and the officer whose duty it was to keep the record of the proceedings of the town meeting failed or neglected to make a proper record of the same, the omission or neglect would be one as contemplated by this section of the statute, and the record might be amended to correspond with the facts upon sufficient parol proof. (*Chicago and Northwestern Railway Co.* v. *People*, 184 Ill. 240, citing *Same* v. *Same*, 174 id. 80.) The evidence, however, upon which the amendment would in such case be proper, should be clear and satisfactory. Here it falls far short of being of that character. The witness in each case who testified to the purpose for which the town taxes were levied, stated that the levy was for the purpose of raising funds out of which to pay the compensation of town officers, and while their testimony sufficiently shows that they understood that to be the purpose, they each substantially admit that the motion, as put to the town meeting by the moderator, was in the one case for "*town purposes*" and in the other for "*town expenses.*" Their evidence does not show that the resolution put to the town meeting was so stated as to inform the tax-payers present what the money was to be used for. The amendment of the record doubtless conformed to the understanding of the witnesses as to the purpose of the levy, but their testimony fails to satisfactorily show that it conformed to the understanding of a majority of the electors present at the meeting.

It is also objected that the town meeting could not lawfully levy a tax for the payment of the future unearned compensation of town officers not audited against the town. In view of the foregoing, the question need not be decided at this time, and we therefore decline to pass upon it.

The objection to the road and ditch damage tax of Prairie township is, that the record of the action of the commissioners of highways of that township did not show the levy of that tax, and that the parol testimony admitted for the purpose of proving the levy was incompetent. The presumption being in favor of the legality of the levy, the burden was upon objector to show that it was illegal. It attempted to do so by proving that there was no record of the levy, but the testimony offered for that purpose did not establish the fact. Albert J. Ingram, the town clerk, stated: "I have the record of the commissioners of highways of Prairie township." He was then asked by counsel for objector if there was any record of the commissioners or instrument in writing relating to the awarding of damages by reason of the construction of roads prior to September 2, 1902, and answered: "I cannot say. The record is here; you can look for yourself."

Q. "Did you bring all the records you had?

A. "All the road and town records; that is, commissioners' records.

Q. "Have you any papers or documents relating to that subject?

A. "I have here what I had filed away.

Q. "What is it?

A. "There is the tax levy.

Q. "I am only asking for the records and files relating to the awarding of road and ditch damages; I am asking if you brought them.

A. "Twenty per cent levy.

"Counsel for objector here suggests to the court that *subpœna duces tecum* was duly served on this witness for the production of these records and documents.

A. "I don't think I have any record of damages being awarded.

Q. "Did you search for any such paper?

A. "No, sir."

This was all the testimony offered by the objector in support of its objection. It does not sustain the objection. It is true, the People proved by one of the commissioners that the road damages had been allowed to the amount of $314.85, which testimony was objected to, but there was no satisfactory affirmative proof that there was no record evidence of allowance of such damages.

The objection to the Ross township hard road tax was, that the petition upon which the vote was taken did not comply with the law in describing the roads intended to be improved. That tax was levied on a petition for a tax of one dollar on the $100 for roads therein attempted to be described. Section 1 of "An act to authorize the construction and maintenance of gravel, rock, macadam or other hard roads," (3 Starr & Cur. Stat. 1896, p. 3599,) provides that on the petition of fifty land owners, legal voters of any township, to the town clerk in counties under township organization, he shall, when giving notice of the time and place for holding the next annual town meeting, also give notice that a vote will be taken at such election for or against levying a tax not exceeding one dollar on each $100 assessed value of all the taxable property, including railroads in the township, for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads, and that "said petition shall state the location and route of the proposed road or roads, not exceeding two," etc. Does this petition comply with the requirement, "shall state the location and route of the proposed road?" The language of the petition is: "Road No. 1.—Beginning at the west edge of Ross township and running directly east to the north-east part of Chrisman and northward to the county line. Road No. 2.—Beginning at Cherry Point cemetery and running north through Cherry Point to end of road just north of Mt. Olive church." Clearly, these descriptions of the roads to be improved are indefinite, but the statute does not require a specific description of

the location and route by monuments or courses and distances. The petition must "state the location and route," etc. A statement that "a road leading from point to point," or "a road running due west from a point in the north part of Chrisman to the west line of the township," would undoubtedly be a sufficient statement of the location and route of the road within the meaning of this statute. It would not be a sufficient description for the location of a new road, but the statute does not require that. Manifestly, the object of the requirement that the location and route must be stated in the petition is that the voters of the township may be informed as to what roads they are voting at the election. Therefore, any statement or designation of such location or route will answer the spirit of the statute, and we are inclined to think that in that view the petition in this case was sufficient. While to parties living remote from the township the statement would be very indefinite, still, as to the voters of the township there can be little doubt that they would understand just what roads were intended.

The contention that the petition describes, or attempts to describe, three roads (only two being authorized) because of the language as to the first, "running directly east to the north-east part of Chrisman and northward to the county line," cannot be sustained. The position of counsel seems to be, that the road running east and west is necessarily one road; that running north and south to the county line another and different one. But the petition does not bear that construction. It clearly attempts to state the location and route of a single road.

The objection to the road and bridge tax of Young America township is, that the commissioners of highways failed to meet at the time and place and levy and certify the tax as required by law. It was agreed by counsel, upon the hearing, that the township is under the labor system, and that the only evidence before the

court was the record of the commissioners of highways of that township, which shows on its face that the commissioners met on August 23, 1902, and on that day levied the taxes, their certificate being dated September 2, 1902.   It is conceded that the tax was levied under section 119 of the road and bridge law, applicable to townships under the labor system, and that the first Tuesday of September, 1902, was the second day of that month. Section 119, *supra*, provides that the commissioners "shall annually ascertain, as near as practicable, how much money must be raised by tax on real, personal and railroad property for the making and repairing of bridges," etc., and requires them to give the supervisor of the township "a statement of the amount necessary to be raised, and the rate per cent of taxation, signed by said commissioners, or a majority of them, on or before the Tuesday next preceding the annual September meeting of the board of supervisors, * * * who shall cause the same to be submitted to said board for their action at such September meeting of said board," etc.   This section does not require the commissioners to meet, for the purpose of ascertaining what amount shall be levied for the purposes named, on any particular day.   The certificate of the levy was presented to the supervisor at the proper time, but as we understand counsel for the objector, it is insisted that the commissioners could not meet and make the levy at a time prior to said first Tuesday in September.   In support of the contention a number of decisions of this court are cited, but upon examination they will be found to apply to section 13 of the road and bridge law, except the case of *Commissioners of Highways* v. *Newell*, 80 Ill. 587, and have no application whatever to the question here raised.   For instance, in *Chicago and Northwestern Railway Co.* v. *People*, 197 Ill. 411, we said: "The statute requires the commissioners of highways to meet on the same day and at the same place of the meeting of the board of town auditors,"—citing

section 13 of chapter 121 of Starr & Curtis' Statutes of 1896. And again, on page 413: "It is well settled that the commissioners of highways can only act in the manner and at the time specified in the statute, and the tax levied at a time other than that specified by statute is void when objected to by the tax-payer." Clearly, these decisions can have no application to a statute which fixes no time at which the tax shall be levied. We think, under section 119, the essential thing is, after the ascertainment of the amount necessary to be levied, that a statement of such amount shall be given to the supervisor of the township on or before the Tuesday next preceding the annual September meeting of the board of supervisors, and in this case the fact that the commissioners met on the 23d of August and ascertained the amount to be raised did not render the tax void.

But it is said that in *Commissioners of Highways* v. *Newell, supra,* we held, in construing this section, (then section 120,) that the fiscal year commenced with the Tuesday preceding the annual September meeting of the county board, and used the language: "It is at that time they are required to make their estimates and levy of the tax to meet the expense of keeping in repair the roads and bridges until the corresponding period of the next year." The question as to the particular time at which the estimate and levy should be made was not material in that case, and the language of the opinion is to be understood simply as requiring the commissioners to make their levy for the fiscal year to commence with the Tuesday preceding the annual September meeting of the county board until the corresponding period of the next year. The opinion would have been just as decisive of the question then under discussion if it had simply said, "the commissioners are required to make their estimate and levy of the tax," etc.

The judgment of the county court will be reversed as to the town taxes of Prairie and Young America town-

ships, and as to all other taxes affirmed. In pursuance of section 192 of the Revenue act (3 Starr & Cur. Stat. p. 3478,) a judgment will be rendered in this court for the sum of $629.45, (the amount of said taxes affirmed,) with ten per cent damages on that amount, and it is ordered that so much of the amount deposited by appellant with the collector upon the taking of this appeal as shall be necessary to pay and satisfy said judgment be credited upon the same, and that execution issue for any balance remaining unpaid. The clerk of this court will enter judgment accordingly, and transmit to the county collector a certified copy of the same.

*Judgment in this court.*