THE PEOPLE *ex rel.* William Klauser, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1913.*

1. TAXES—*what necessary to justify an amendment of tax levy.* To justify an amendment of a tax levy by showing some additional action by the taxing authorities it is necessary that such action shall have been actually taken, and it is not permitted to show that to have been done which was not, in fact, done, even though the taxing authorities would have done that thing had they known it to be necessary.

2. SAME—*mistaken judgment as to legal effect of action taken cannot be corrected by amendment.* The fact that the taxing authorities were mistaken as to the legal effect of the action which they actually took and intended to take in the matter of levying a tax, does not justify an amendment at a later meeting supplying an element essential to the validity of the levy.

3. SAME—*when invalidity of levy is not cured by subsequent action.* Where the board of supervisors, at its September meeting, levies taxes for county purposes which are insufficiently described in the written report of the committee and in the resolution as "for mileage and per diem, $3000," "for county farm, $3000," and "for judiciary, $5500," the levy for such purposes is invalid, and it is not aided by the fact that the board, at a regular meeting in the following June, adopted a resolution amending the levy by amplifying the insufficient descriptions of such items.

APPEAL from the County Court of Shelby county; the Hon. J. K. P. GRIDER, Judge, presiding.

GEORGE B. GILLESPIE, (R. J. CARY, and W. C. & W. L. KELLEY, of counsel,) for appellant.

W. E. LOWE, State's Attorney, (J. C. WILLARD, and WILLIAM H. CRAIG, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of supervisors of the county of Shelby, at the September session, 1912, levied a tax for county purposes, including the following items: "For mileage and

per diem, $3000;" "for county farm, $3000;" "for judiciary, $5500." To the application of the county collector for judgment for taxes the appellant objected to the extent of the proportion of the county tax extended against it by virtue of these three items, and from the adverse judgment of the county court it has appealed.

These items are insufficient to sustain the judgment, because they do not comply with the requirement of the statute as to stating the several purposes for which the amounts were levied. At a regular session of the board of supervisors in June, 1913, a resolution was adopted amending the tax levy so as to make these three items read as follows: "For payment of mileage and per diem members of board of supervisors, $3000;" "for the maintenance and support and general running expenses of the county farm, $3000;" "for payment of election expenses, $5500." On the hearing the court, over the appellant's objection, admitted in evidence this amendment and the testimony of various members of the board of supervisors as to what they understood was intended by the items in the levy as originally made. The invalidity of the original levy is conceded, and the State's attorney in his brief states that the sole question before this court is, can the People amend their items of levy and make the defective acts of the supervisors at the September meeting, 1912, valid?

In *Chicago and Northwestern Railway Co. v. People,* 200 Ill. 141, we said, on page 145: "Where the power to levy a tax is conferred by law and is regularly exercised by the proper authorities in substantial conformity to the law, the court, upon proof of such fact, may permit the certificate of the levy to be amended on the hearing by changing the official designation of the officers, allowing the individual signatures to be substituted for the corporate name, and correcting other like formal errors. [Citing cases.] But if the statute authorizing the levy of the tax has not, in fact, been followed and complied with, the levy cannot

be made valid by amendments of certificates or proceedings, because that would not be a correction of a mere irregularity, but would be an attempt to make valid a levy at the time of the amendment. [Citing cases.] There must be a valid levy, which is defective in matters merely formal, to authorize an amendment." ·

To justify the amendment of a tax levy by showing some additional action by the authority levying the tax it is necessary that such action should have been actually taken. It is not permitted to show that to have been done which was not, in fact, done, even though the officers would have done that thing if they had known it to be necessary. It is not enough to show that the officers knew what the law was and intended to comply with the law, but the things actually done and intended to be done must be shown, and it must appear that those things constituted a substantial compliance with the law. A mistaken judgment merely as to the legal effect of the action taken can not be corrected by amendment. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 205 Ill. 582.) Here the board of supervisors did exactly what it intended to do. The report of the committee and the resolution levying the tax were submitted in writing. There is no intimation that it was intended that anything else should be inserted. There was no omission or mistake as to what it was intended the resolution should contain. The only mistake was as to the legal effect of the resolution. It was adopted in the form in which it was intended to be adopted, and the only trouble with it was that under the law the county board could not levy a tax in that way. Such a defect is not formal but affects the substantial justice of the tax. The amendment, and the testimony in connection with it, were not admissible.

The judgment is reversed.    *Judgment reversed.*