THE PEOPLE *ex rel.* J. D. Nothern, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

TAXES—*when error in certificate may be cured by amendment.* Where the certificate of highway commissioners for the road and bridge tax bears the date of their first meeting in August instead of their second meeting in September, it may be proved that the commissioners, at the second meeting, fixed the same amount and rate of taxation as at the first meeting, and in such case it is proper to allow the highway commissioners to file an additional certificate showing such facts.

APPEAL from the County Court of Brown county; the Hon. W. Y. BAKER, Judge, presiding.

MCANULTY, ALLEN & HUMPHREY, and R. E. VANDEVENTER, (N. S. BROWN, of counsel,) for appellant.

WARREN MCNEFF, State's Attorney, and J. F. REGAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment of the county court of Brown county for taxes, overruling an objection by the Wabash Railroad Company to the road and bridge tax of

Mt. Sterling township. The objection was that the tax
was extended by virtue of a certificate of the commission-
ers of highways made at a meeting held on August 30,
1913, instead of September 2, 1913. On the hearing the
court permitted an amendment, over the appellant's objec-
tion, by the filing of an additional certificate, signed by
two of the commissioners, showing that at a meeting held
on September 2, 1913, the commissioners fixed the same
amount and rate of taxation as at the meeting held on Au-
gust 30. The only question is whether this amendment was
properly allowed.

Section 50 of the Road and Bridge act (Laws of 1913,
p. 542,) requires the commissioners of highways in every
township in counties under township organization to hold
a regular semi-annual meeting between the first Tuesday
in August and the first Tuesday in September of each year
for the purpose of determining the tax rate to be certified
by them to their respective county boards. Section 56 re-
quires that at a regular meeting to be held on the first
Tuesday in September the highway commissioners shall de-
termine and certify to the board of supervisors the amount
necessary to be raised by taxation for the proper construc-
tion, maintenance and repair of roads and bridges of the
town or road district. The commissioners of highways of
Mt. Sterling township met in regular semi-annual meeting
on Saturday, August 30, 1913, and determined the tax rate
to be certified by them to the board of supervisors to be
sixty-one cents on each $100 and that the amount to be
raised by taxation for the proper construction, maintenance
and repair of roads and bridges in the township was $4500,
and they made and signed a certificate to that effect, which
was left with the town clerk. They adjourned until the
first Tuesday in September, when they again met in regu-
lar meeting, as required by section 56, and again deter-
mined the amount necessary to be raised by taxation for
the proper construction, maintenance and repair of roads

and bridges and the rate of taxation for raising that amount and directed that the same be certified as required by law, the amount and rate being the same as determined on August 30, 1913. At the time of the second meeting they directed the town clerk to deliver the certificate which they had previously made on August 30, which bore that date, to the supervisor. He did so, the supervisor filed the certificate with the county clerk, and the levy was ordered by the county board in accordance with the certificate.

The action of the commissioners was shown by the record which the town clerk kept of the two meetings, and the facts in regard to the making of the certificate, the directions to the town clerk and the delivery to the supervisor were shown by the testimony of the commissioners, the town clerk and the supervisor. The amendment was properly allowed. Everything was actually done which the law required and at the required time. All three of the commissioners were present at the first meeting and only two at the second, but the action at the latter meeting was the action of the highway commissioners as much as if all had been present. The error in the date was an informality not affecting in any manner the substantial justice of the tax. Section 191 of the Revenue law authorizes the correction of such an irregularity, and the oral testimony was admissible to show the facts which justified the amendment. *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 206 Ill. 565; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 id. 566; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 id. 518.

The judgment of the county court is affirmed.

*Judgment affirmed.*