(No. 16316.—Reversed and remanded.)

THE PEOPLE ex rel. J. W. Fredenberger, County Collector,
Appellee, vs. THE CLEVELAND, CINCINNATI, CHICAGO
AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*an amendment to show aye and nay vote of county
board must be shown in evidence—reversal.*  Where objection is
made to a county tax that the supervisors' record does not show
an aye and nay vote in levying the tax, an amendment of the super-
visors' record, only, is not sufficient to authorize judgment where
no amendment is made in the record as introduced in evidence,
but where the vote was, in fact, taken by ayes and nays, as shown
by the testimony of the county clerk, the cause will be remanded
for a proper amendment of the record.

2. SAME—*when consent may be obtained for additional town
road and bridge tax.*  Consent to the levy of an additional town
road and bridge tax may be obtained at the regular meeting of
the board of town auditors on the first Tuesday in September if
such consent is given before the levy is made, and the amendment
in 1923 to the Township Organization law providing for special
or called meetings of the board of town auditors does not change
the previous construction of the law.

3. SAME—*when tax must be levied in separate items.*  Where a
statute authorizing a tax levy for several purposes requires the
amount for each purpose to be stated separately, a failure to com-
ply with such requirement is not a mere irregularity but a fatal
omission, which makes the levy void.

4. SAME—*levy of a town highway tax must be itemized.*  The
certificate of levy of a tax by a town highway commissioner for
the proper construction, maintenance and repair of roads and
bridges must be itemized in accordance with the provisions of sec-
tion 50 of the Roads and Bridges act, as the information conveyed
by such itemization is needful to enable the county board to exer-
cise an advised judgment in approving the amount of the levy.

5. SAME—*judgment against railroad property must be rendered
for each taxing district.*  Judgment for taxes against a railroad
company must be rendered for each tax against the property of
the company in each taxing district and cannot be rendered against
all the property of the company in the county.

APPEAL from the County Court of Clark county; the
Hon. H. M. JANNEY, Judge, presiding.

P. J. KOLB, and S. M. SCHOLFIELD, (L. J. HACKNEY, H. N. QUIGLEY, and R. C. PORTER, of counsel,) for appellant.

EVERETT CONNELLY, State's Attorney, OLEN R. CLEMENTS, and ARTHUR POORMAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Clark county overruled the objections of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to the application of the county collector and entered judgment for taxes against the property of the railway company, from which the company has appealed.

The taxes involved are the county tax and county highway tax and the road and bridge taxes of the towns of Wabash and York.

The objection made to the county tax and the county highway tax is, that in making the levy the county board did not adopt the report of the finance committee recommending the appropriation and tax levy by an aye and nay vote, as required by section 54 of the act to revise the law in relation to counties, as amended by the legislature in 1921. (Laws of 1921, p. 387.) The supervisors' record shows that at the meeting of the county board in September, 1923, a motion was made that the sum of $60,000 be appropriated to defray the usual county expenses, which were itemized in twenty-three amounts, and twenty-five cents on each $100 valuation for State aid road improvement, to be known as the county highway tax, and that the county clerk be directed to extend on the collector's books for the current year 1923 a rate sufficient to produce the amount of $90,000. No vote is shown by ayes and nays or otherwise. On the hearing the People introduced the evidence of the county clerk and showed by him that the vote was taken by ayes and nays, and he produced a memo-

randum of the roll call from the files of his office showing
that fourteen supervisors voted for the motion. On motion
of the State's attorney the court then entered an order al-
lowing the following amendment: "Moved by Roy Ham-
mond and seconded, that appropriation for county expenses
aforesaid be approved and the clerk instructed to extend on
the tax books for ensuing year the amount as per appro-
priation. Record vote. All voted for. Motion carried."
The trial proceeded, however, without any amendment of
the record of the proceedings of the supervisors appearing
in the bill of exceptions to have been made. Until the
amendment was made the record remained unchanged as if
no leave to amend had been given, and the mere leave to
amend had no effect on the record as evidence. (*Landt* v.
*McCullough,* 206 Ill. 214; *Wisconsin Central Railroad Co.*
v. *Wieczorek,* 151 id. 579; *Ogden* v. *Town of Lake View,*
121 id. 422.) Section 191 of the Revenue act provides
that any irregularity or informality in any of the proceed-
ings connected with the assessment or levy of taxes, or any
omission or defective act of any officer connected with such
assessment or levy of taxes, may, in the discretion of the
court, be corrected to conform to law by the court, or by
the person, in the presence of the court, from whose neglect
or default the same was occasioned. It was clearly shown
that the vote was taken by ayes and nays but through the
neglect of the clerk was not entered on the record, and the
case was clearly within the section mentioned and would
authorize an order for the clerk to enter on the record the
vote taken by ayes and nays, but no such order was made.
The order that was made authorized the entry on the rec-
ord only, "All voted for; motion carried," and even this
amendment was not made. In this condition of the rec-
ord the evidence did not authorize the entering of judgment
for the county tax for general purposes or the county high-
way tax.

Objection is made to the road and bridge tax of the towns of Wabash and York as to the amount in excess of fifty cents on the $100, because the consent of the major-ity of the board of town auditors required by section 56 of the Road and Bridge act had been obtained on the first Tuesday of September, and not before. We held in *Peo-ple* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, that section 56 authorized the consent of the board of town auditors to be given on the first Tuesday of Sep-tember before the making of the levy for the additional amount. By an act of the legislature approved on June 30, 1923, the Township Organization law was amended to pro-vide for the meetings of the board of town auditors at such other times than those already provided by law as they might determine and for the calling of meetings by the town clerk upon the request of the supervisor or any two members of the board. (Laws of 1923, p. 628.) It is con-tended that since this change in the time of meetings of the board the consent of the board of town auditors re-quired by section 56 to be given on the first Tuesday in September is no longer sufficient authority for the levy of the additional tax but that the consent must be given before that day. We have held that the act of 1923 did not ef-fect any change in the construction of section 56. (*People* v. *Illinois Central Railroad Co. ante,* p. 339; *People* v. *Chi-cago, Milwaukee and St. Paul Railway Co. ante,* p. 378; *People* v. *Wabash Railway Co. ante,* p. 432; *People* v. *Illi-nois Central Railroad Co. ante,* p. 373.) The court prop-erly overruled this objection.

In the town of York the highway commissioner levied a tax of $3500 for the proper construction, maintenance and repair of roads and bridges, without itemizing the amount. By section 50 of the Road and Bridge act it is provided the highway commissioner shall determine, on the first Tuesday of September in each year, the taxes necessary to be levied for road and bridge purposes, and in determin-

ing the amount to state separately the several amounts to be levied for the construction of roads and bridges, the maintenance of roads and bridges, the purchase of machinery, the oiling of roads and the prevention and extirpation of weeds. We have held in many cases that where a statute authorizing a tax levy for several purposes requires the amount for each purpose to be stated separately, a failure to comply with such requirement is not a mere irregularity but a fatal omission, which makes the levy void. It is so in the case of cities; (*People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410; *People* v. *Fenton and Thomson Railroad Co.* 252 id. 372; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312;) and counties. *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197; *Chicago, Burlington and Quincy Railroad Co.* v. *People,* id. 458.

It is argued that section 50 of the statute, which requires the commissioner to state separately the several amounts to be levied for various purposes, does not refer to the certificate required by section 56 to be filed in the office of the county clerk but is for the information of the board of town auditors. Section 59 directs that all items of tax levy of any town or district authorized by sections 56 and 58 shall be extended by the county clerk as one tax, thus indicating that the items are to be mentioned in the certificate, for otherwise there would be no necessity to require the county clerk to extend all items as a single tax. Moreover, the information conveyed by the itemization is needful to enable the county board to exercise an advised judgment in approving the amount of the levy.

The levy for road and bridge taxes in the town of York was $13,500, of which only $3500 was objected to for the reason just discussed. That objection does not apply to the remaining $10,000, which was for road and ditch damages.

The objections to the road and bridge taxes of the town of Wabash should have been overruled and the objections

to seven-twenty-sevenths of the amount levied for road and bridge taxes of the town of York should have been sustained.

Judgment was rendered against all the property of the appellant in the county. Judgment can be rendered for each tax against only the property of the appellant within the taxing district. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 553; *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 id. 112.

On the record as it stands the objection to the county tax should also have been sustained, but as the evidence justifies an amendment of the record in regard to that tax in such a way as to obviate the objection, the judgment will be reversed and the cause remanded for a further hearing.

*Reversed and remanded.*