(Nos. 16490-16491.—Judgment reversed.)

THE PEOPLE *ex rel.* Lial C. Pollock, County Collector, Appellee, *vs.* THE CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY, Appellant.—Same Appellee *vs.* THE CINCINNATI, LAFAYETTE AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed February 17, 1925.*

1. TAXES—*the purposes and amounts for road and bridge taxes must be stated separately.* The provision of section 50 of the Roads and Bridges act that the highway commissioners shall state separately the purposes and amounts for which road and bridge taxes are to be levied in the various towns is mandatory, and failure to comply with such provision renders the road and bridge tax void.

2. SAME—*highway commissioner has no authority to levy a tax for widening State aid roads.* The highway commissioner has no control or supervision over State aid roads and has no authority to levy a tax for "widening" such roads.

3. SAME—*tax cannot be levied for one purpose and used for another.* An item of road and bridge taxes cannot be levied for one specific purpose and used for another.

APPEALS from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

FREE P. MORRIS, and ROSCOE C. SOUTH, (CARL S. JEFFERSON, of counsel,) for appellant the Chicago, Terre Haute and Southeastern Railway Company.

FREE P. MORRIS, and ROSCOE C. SOUTH, (L. J. HACKNEY, H. N. QUIGLEY, and R. C. PORTER, of counsel,) for appellant the Cincinnati, Lafayette and Chicago Railway Company.

ELMER A. TAYLOR, State's Attorney, (CLAUDE N. SAUM, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Iroquois county applied for judgment for taxes delinquent in the year 1923. The Chicago, Terre Haute and Southeastern Railway Company filed objections to the road and bridge taxes of the towns of Beaver, Prairie Green and Sheldon, in that county, and the Cincinnati, Lafayette and Chicago Railway Company filed like objections to the same taxes of the towns of Beaver and Sheldon. The county court overruled the objections and rendered judgment for the taxes. The railway companies have prosecuted separate appeals to this court,—one (No. 16490) by the Chicago, Terre Haute and Southeastern Railway Company, and the other (No. 16491) by the Cincinnati, Lafayette and Chicago Railway Company. These appeals, for the purpose of their determination, have been consolidated.

The highway commissioners of the towns of Beaver and Prairie Green certified that they had determined that for the year 1923 $9000 and $8892.17, respectively, were necessary to be levied on the property within their towns for road and bridge purposes. In each instance the sum certified was stated in gross. The several items which constituted the total were not stated separately. On the authority of these certificates of the highway commissioners the county clerk extended the tax. Appellants' objections are that road and bridge taxes cannot be certified in lump sums, and if such taxes are so certified they are void.

Sub-section 3 of section 50 of the Road and Bridge act (Smith's Stat. 1923, p. 1794,) provides that the highway commissioner, in determining the amount to be levied for road and bridge purposes, shall state separately the several amounts to be levied for the construction of roads, the main-

tenance of roads, the construction of bridges, the mainte-
nance of bridges, the purchase of machinery, the repairs to
machinery, the oiling of roads and the prevention and ex-
tirpation of weeds.  This provision is mandatory, and for
failure to state the different purposes for which the tax is
required, and the amount of each, as prescribed by statute,
the road and bridge tax of each of the towns of Beaver
and Prairie Green is void.  *People* v. *Cleveland, Cincinnati,
Chicago and St. Louis Railway Co.* 314 Ill. 455; *People* v.
*Same,* id. 532; *People* v. *Illinois Central Railroad Co.* id.
373; *People* v. *Wabash Railway Co.* id. 388.

With reference to the road and bridge tax of the town
of Sheldon it was stipulated "that the twelve-cent rate for
road and bridge damages was for the purpose of buying
the right of way on two roads,—the State bond issue road
No. 8, (commonly called the Corn Belt Trail,) and the State
aid road No. 4015D."  The highway commissioner certified
this item as damages "for widening roads, $2000."  Appel-
lants' objections are, that under the stipulation (1) the tax
was not to be used for widening roads; and (2) since State
aid roads, only, are involved, the highway commissioner has
no authority to levy a tax for the purpose stated.  A tax
cannot be levied for one specific purpose and applied to
another.  Moreover, the roads mentioned in the stipulation
are State aid roads and the highway commissioner had no
control or supervision over them.  He had no authority to
levy a tax for their widening.  (Laws of 1921, secs. 12, 13,
14, p. 793.)

Appellants' objections to the road and bridge taxes of
the towns of Beaver and Prairie Green, and to the item
for damages for widening roads in the road and bridge tax
of the town of Sheldon, should have been sustained.  As
to these taxes the judgment of the county court of Iro-
quois county will be reversed.          *Judgment reversed.*