THE PEOPLE *ex rel.* G. Stanley Olmsted, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 24, 1925.*

1. TAXES—*road and bridge tax must be itemized—amendment.* The levy of a town road and bridge tax must be itemized as provided in sub-paragraph 3 of paragraph (*b*) of section 50 of the Road and Bridge act, and as section 56 requires the certificate of levy to be itemized, an amendment of the record of the meeting of the commissioner and town auditors by inserting in the record the several purposes of the levy and the amount for each purpose is unavailing where the certificate was not itemized.

2. SAME—*when an objection is sufficient to include failure to itemize certificate of levy.* An objection that the levy of a town

road and bridge tax is not itemized, as required by statute, is sufficient to include also the objection that the certificate of levy is not itemized where the unitemized certificate is introduced in evidence in support of the objection.

APPEAL from the County Court of Vermilion county; the Hon. WALTER J. BOOKWALTER, Judge, presiding.

RALPH ROUSE, and REARICK & MEEKS, for appellant.

ELMER O. FURROW, State's Attorney, (JOHN H. LEWMAN, and I. R. CARTER, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county clerk of Vermilion county made application to the county court of that county for judgment and order of sale for delinquent taxes. The New York Central Railroad Company filed objections to the road and bridge tax of the town of Newell. The objections were overruled and judgment was rendered against the railroad company's property for $1238.34, and it prosecutes this appeal.

The road and bridge tax was certified by the highway commissioner of the town of Newell to the board of supervisors of Vermilion county in a lump sum. One of appellant's objections is that a road and bridge tax cannot be so certified. Sub-paragraph 3 of paragraph (*b*) of section 50 of the Road and Bridge act (Laws of 1923, p. 540,) provides that the highway commissioner, in determining the amount to be levied for road and bridge purposes, shall state separately the several amounts to be levied for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads and the prevention and extirpation of weeds. This provision is mandatory, and the failure to comply with it is not a

mere irregularity but a fatal omission, which makes the tax levy void. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 Ill. 455; *People* v. *Illinois Central Railroad Co.* 314 id. 373; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 id. 532; *People* v. *Chicago, Terre Haute and Southeastern Railway Co.* 315 id. 589.

Upon the hearing appellee was allowed by the county court, over appellant's objection, to amend the record of the meeting of the highway commissioner and board of town auditors by inserting in that record the several purposes, as contended by appellee, for which the road and bridge tax had been levied and the amount for each purpose. In both cases of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra,* it was held that the certificate of levy required by section 56 of the Road and Bridge act (Smith's Stat. 1923, p. 1796,) must be itemized in accordance with the provisions of section 50 of the same act, because the information conveyed by such itemization is needful to enable the county board to exercise an advised judgment in approving the amount of the levy. The certificate was not so itemized and the amendment was therefore unavailing.

But appellee argues that appellant did not properly raise in the trial court the question of the sufficiency of the certificate upon which the county clerk extended the road and bridge tax. Appellant's objection stated that the highway commissioner had attempted to levy a lump sum for road and bridge purposes and had failed to state the amount required for each purpose separately, as required by section 50 of the Road and Bridge act as amended June 29, 1923. The certificate for the levy of a road and bridge tax must be itemized as required by section 50. (Both cases of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra.*) In support of its objection appellant introduced the unitemized certificate filed with the county clerk. The

objection was sufficient to reach or include the omission in the certificate, which rendered the tax levy void.

  Appellant's objection to the road and bridge tax of the town of Newell should have been sustained, and the judgment of the county court will be reversed.

*Judgment reversed.*