(No. 16570.—Affirmed in part and reversed in part.)
THE PEOPLE *ex rel.* G. Stanley Olmsted, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.          *Opinion filed April 24, 1925.*

1. TAXES—*certificate of town tax may be amended to show correct date.* Where the electors at the annual town meeting authorize the raising of a certain sum by taxation, as shown by the record of said meeting, but the town clerk in certifying the amount to the county clerk files a certificate dated the day of the meeting of the town auditors instead of the date of the annual town meeting, oral testimony is admissible to amend the certificate to show the correct date.

2. SAME—*town road and bridge tax must be itemized—amendment.* A town road and bridge tax must be itemized to show the different purposes of the levy, as provided in sub-paragraph 3 of paragraph (*b*) of section 50 of the Road and Bridge act, and an amendment of the record of the meeting of the highway commissioner and the town auditors to show the different purposes of the levy is not sufficient where the certificate of levy is not itemized.

3. SAME—*what necessary to amend record of tax levy.* To justify the amendment of a record which is the basis of a tax levy by showing some additional action by the taxing authorities, it is necessary that such action shall have been actually taken, and that which was not, in fact, done cannot by an amendment be shown to have been done.

APPEAL from the County Court of Vermilion county; the Hon. WALTER J. BOOKWALTER, Judge, presiding.

GUNN, PENWELL & LINDLEY, (N. S. BROWN, and L. H. STRASSER, of counsel,) for appellant.

ELMER O. FURROW, State's Attorney, (JOHN H. LEWMAN, and I. R. CARTER, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

To the application of the county collector of Vermilion county for judgment and order of sale for delinquent taxes the Wabash Railway Company filed objections to the town

tax of the town of Danville and to the road and bridge taxes of the towns of Catlin and Newell. The objections were overruled by the county court and the railway company prosecutes this appeal.

The record of the annual town meeting of the town of Danville held on the first Tuesday of April, 1923, which was the third day of that month, shows that the electors present at that meeting directed that $10,000, in the aggregate, for specified town purposes be raised by taxation. The town clerk certified to the county clerk of Vermilion county the amount of the tax so required, and in his certificate set forth the several purposes, the sum necessary for each purpose, and that the levy had been voted at the town meeting. The certificate was filed with the county clerk on April 6, 1923, but was dated the 27th day of March of the same year. Appellant's objection to the tax is that the town clerk's certificate, by reason of its date, shows that the levy was made by the board of auditors. Upon the hearing appellee introduced, over appellant's objection, an amended certificate dated April 3, 1923, which differed from the original only in the date. The question is whether the amendment was properly allowed. The record of the annual town meeting shows that the tax as certified was actually authorized by the electors of the town present at that meeting, held on the first Tuesday of April. The tax was ordered or levied by the proper authority and at the time fixed by statute. The only objection made to the form of the certificate filed with the county clerk is its date. The testimony shows that the town clerk prepared two certificates,—one dated March 27 and the other April 3, 1923,—and that he filed the former by mistake. The error in the date of the certificate was an informality not affecting in any manner the substantial justice of the tax. Section 191 of the Revenue law authorizes the correction of such an irregularity, and the oral testimony was admissible to show the facts which justified the amendment or correction. (*Peo-*

*ple* v. *Wabash Railroad Co.* 265 Ill. 588; *People* v. *Payne,* 296 id. 236; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 id. 566, 206 id. 565, and 212 id. 518.) The objection to the town tax of the town of Danville was properly overruled.

The road and bridge taxes of the towns of Catlin and Newell were certified by the highway commissioners of the respective towns to the board of supervisors of Vermilion county in lump sums. Appellant objects to each of these taxes on the ground ·that a road and bridge tax cannot be so certified. Sub-paragraph 3 of paragraph (*b*) of section 50 of the Road and Bridge act (Laws of 1923, p. 540,) provides that the highway commissioner, in determining the amount to be levied for road and bridge purposes, shall state separately the several amounts to be levied for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads and the prevention and extirpation of weeds. This provision is mandatory, and the failure to comply with it is not a mere irregularity but a fatal omission, which renders the tax levy void. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 Ill. 455; *People* v. *Illinois Central Railroad Co.* 314 id. 373; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 id. 532; *People* v. *Chicago, Terre Haute and Southeastern Railway Co.* 315 id. 589.

Upon the hearing appellee was allowed by the county court, against appellant's objection, to amend the record of the meeting of the highway commissioner and board of auditors of each of the towns of Catlin and Newell to show, as contended, the purposes for which the road and bridge taxes had been levied and the sum required for each purpose. The testimony introduced in support of these amendments fails satisfactorily to show that either highway commissioner had, prior to the hearing, considered separately

the sum required for each purpose, as prescribed by sub-
paragraph 3 of paragraph (*b*) of section 50 of the Road
and Bridge act.   There was no showing of compliance with
this statutory requirement.   To justify the amendment of
a record which is the basis of a tax levy, by showing some
additional action by the taxing authorities, it is necessary
that such action shall have been actually taken, and that
which was not, in fact, done cannot by any amendment be
shown to have been done.   (*People* v. *Cleveland, Cincin-
nati, Chicago and St. Louis Railway Co.* 261 Ill. 70.)   The
amendments should not have been allowed.   Apart from
this consideration, the amendments were confined merely
to the records of the meetings of the highway commission-
ers and boards of auditors of the two towns.   In both cases
of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis
Railway Co.* 314 Ill. *supra,* it was held that the certificate
of levy required by section 56 of the Road and Bridge act
(Smith's Stat. 1923, p. 1796,) must be itemized in ac-
cordance with the provisions of section 50 of the same act,
because the information conveyed by such itemization is
necessary to enable the county board to exercise its judg-
ment advisedly in approving the whole or part of the levy.
Neither certificate was so itemized, and the amendment of
the record of the meeting of the highway commissioner and
board of auditors, made at the hearing of the objections,
could not, in the nature of things, afford the county board
the information which the statute prescribes should be sub-
mitted to it for its consideration of the levy,—a duty which
necessarily precedes the extension of the tax by the county
clerk.   Appellant's objections to the road and bridge taxes of
the towns of Catlin and Newell should have been sustained.
   The judgment of the county court is affirmed as to the
town tax of the town of Danville, but with reference to
the road and bridge taxes of the towns of Catlin and New-
ell it is reversed.   *Affirmed in part and reversed in part.*