(No. 16593.—Affirmed in part and reversed in part.)

THE PEOPLE *ex rel.* G. Stanley Olmsted, County Collector, Appellee, *vs.* THE CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY *et al.* Appellants.

*Opinion filed April 24, 1925.*

1. TAXES—*town road and bridge tax must be itemized.* Section 50 of the Road and Bridge act, as amended in 1923, requires the highway commissioners, in levying a town road and bridge tax, to state separately the several amounts to be levied and the purposes for which they are levied, and where the certificate of levy is for a lump sum the levy is void.

2. SAME—*when oral testimony is admissible to amend date of certificate of levy.* Where the town clerk's certificate of the levy of the town tax, as filed with the county clerk, is dated prior to the date of the town meeting which authorized the tax, oral testimony is admissible to explain the levy and to amend the date of the certificate.

APPEAL from the County Court of Vermilion county; the Hon. WALTER J. BOOKWALTER, Judge, presiding.

C. S. JEFFERSON, and CHARLES TROUP, (O. W. DYNES, of counsel,) for appellants.

ELMER O. FURROW, State's Attorney, (JOHN H. LEWMAN, and I. R. CARTER, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a judgment of the county court of Vermilion county overruling objections of the appellants to taxes and rendering judgment therefor. The taxes objected to are the road and bridge taxes for the town of Newell and the town tax of the town of Danville.

The objection to the road and bridge tax of the town of Newell is, that the certificate of levy filed by the highway commissioner was for a lump sum for road and bridge purposes without separately stating the several items or purposes for which the tax was levied, as required by section 50 of the Road and Bridge act as amended in 1923. The levy of this tax was held void in *People* v. *New York Central Railroad Co.* 316 Ill. 526, and the reasons given there apply here.

The town tax of the town of Danville was extended upon a certificate of the clerk dated March 27, 1923. The tax levy was authorized by the town meeting held April 3, 1923. The court permitted testimony explaining the levy, and in *People* v. *Wabash Railway Co.* 316 Ill. 403, it was held no error was committed by the court in permitting the oral testimony to amend, and the tax was sustained. The same must be the judgment here.

The judgment of the county court is affirmed as to the town tax of the town of Danville and reversed as to the road and bridge tax of the town of Newell.

*Affirmed in part and reversed in part.*