M. R. Deyo, Trading as Deyo Manufacturing & Construction Company, Appellant, v. Commissioner of Highways of Sheridan, Appellee.

Gen. No. 8,348.

Opinion filed February 3, 1930.

COVEY & WOODS, WALLACE J. BLACK and CLYDE M. WEST, for appellant.

PETER MURPHY and HAROLD F. TRAPP, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

.Appellant brought his action in assumpsit in the circuit court of Logan county against appellee as commissioner of highways of the town of Sheridan in said county to recover the amount due on a certain con- .tract for the purchase of one Bates tractor at the price of $3,900. At the termination of all the evidence in the case the trial court, at the instance of appellee, directed the jury to return a verdict finding no cause of action. Judgment was entered upon this verdict, to reverse which this appeal is taken.

On September 14, 1927, William C. Lohrenz, who was then commissioner of highways of the town of Sheridan and predecessor of the present incumbent and appellee, Louis Berns, entered into a certain written contract for the purchase of the tractor in the name of the township of Sheridan- for the sum of $3,900. One of the terms of the contract provided that before the tractor should be removed from the cars Lohrenz should give two orders bearing six per cent interest per annum from date, each for $1,950, one due May 15, 1928, and one May 15, 1929. These orders were executed by Lohrenz but were never signed by the town clerk and it is conceded that the orders themselves were therefore void. Appellant brings this suit for the amount due on the contract itself and the declaration consists of the common counts, only.

Section 50 of the Roads and Bridges Act, Cahill's St. ch. 121, ¶ 56, provides that the commissioner of highways in each town shall be present at the office of the town clerk annually on the first Tuesday in September of each year for the purpose of determining the tax rate to be certified by him to the county board as therein provided. This section further provides that it shall be the duty of the highway commissioner to determine the taxes necessary to be levied on property within his town or district for road and bridge purposes, and in determining the amount to be levied, shall state separately the several amounts to be levied

for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads, and the prevention and extirpation of weeds.

On the first Tuesday of September, 1925, said Lohrenz, as highway commissioner, made his certificate of the road and bridge tax to be levied for the year 1926 in which no levy was made for the purchase of machinery. Likewise, on the second Tuesday of September, 1926, Lohrenz, as highway commissioner for said township, made his certificate of the road and bridge tax of said Town ostensibly for the year 1927, although the certificate itself says that it is for the year 1926, and again in this certificate no amount is mentioned for the purchase of machinery. The date of this certificate is September 7, 1926. Thus, for two years prior to the first Tuesday in September, 1927, no tax levies had been made for the purchase of machinery and there were no funds in the town treasury appropriated for that purpose. On the first Tuesday of September, 1927, the same being September 6, Lohrenz, as highway commissioner, made another certificate of levy for the road and bridge tax of said town ostensibly for the year 1928 or for the fiscal year commencing on the first Tuesday of September, 1927 although the certificate itself states that the levy is made for the year 1927. The itemized amounts to be levied under this certificate are as follows:

For the construction of roads................$3,000.00
For the maintenance of roads.............. 1,000.00
For the construction of bridges............ 1,000.00
For the maintenance of bridges............ 500.00
For the purchase of machinery............ 1,000.00
For the repairs to machinery.............. 500.00
For the oiling of roads....................
For the prevention and extirpation of weeds 469.02
  Total ...................................7,469.02

It will be noted that the amount to be levied for the purchase of machinery is $1,000. The contract for the tractor was entered into by Lohrenz and appellant September 14, 1927, and was approved by the county superintendent of highways September 29, 1927. The contract was therefore executed after the levy was made. It is the contention of appellee that a commissioner of highways, being a *quasi* public corporation, is without power to contract a debt in excess of the funds on hand or taxes already levied and also that the taxes levied for any one specific purpose mentioned in the statute cannot be used or appropriated for any other purpose. It is the contention of appellant that the only purpose of the section of the statute requiring the commissioner of highways to itemize the amounts of the levies for different purposes is to advise the county board in passing upon the levy and that the commissioner of highways had the power to make a contract for any lawful purpose and that it would be valid and binding so long as it did not exceed the aggregate amount levied for road and bridge purposes which in this instance was $7,469.02. In the case of *People v. Wabash Ry. Co.*, 316 Ill. 403, in discussing that provision of the statute requiring the different amounts of the road and bridge tax to be itemized the court said, "This provision is mandatory, and the failure to comply with it is not a mere irregularity but a fatal omission, which renders the tax levy void." In the case of *People v. Chicago, T. H. & S. Ry. Co.*, 315 Ill. 589, the court held: "This provision is mandatory, and for failure to state the different purposes for which the tax is required, and the amount of each, as prescribed by statute, the road and bridge tax of each of the towns of Beaver and Prairie Green is void." In this same case in discussing the road and bridge tax of the town of Sheldon where it was stipulated that the 12-cent rate for road and bridge damages was for the

purpose of buying the right-of-way on two roads, it was held: "A tax cannot be levied for one specific purpose and applied to another." The Supreme Court in some of the above cases does say that one of the reasons why such levies should be itemized is to give information to the county board of supervisors when the levy is submitted to it for its approval, but in no case does it say that such is the only purpose for requiring them to be itemized. The taxpayers themselves have some rights to be guarded. It is their privilege to know for what purpose or purposes their moneys are being appropriated by the commissioner of highways and they have the privilege of objecting to any of the items before the board of supervisors. It would be a fraud upon them to hold that a certificate of levy itemizing the amounts to be levied for a certain purpose could be made and a tax collected therefor and the tax used and appropriated for entirely different purposes at the discretion of the commissioner of highways. In the case of *Commissioners of Highways v. Newell*, 80 Ill. 587, the court said: "With *quasi* corporations of this character the rule obtains that their power to impose taxes or incur indebtedness will be strictly construed." In this case it was further held: "It, then, follows that they have no power to legally incur an indebtedness for road and bridge purposes beyond the amount of the taxes already levied for that year. In other words, they can in no one year expend, lawfully, more than the amount levied for that year." So by analogy the commissioner of highways in the case at bar could not lawfully contract an indebtedness for machinery beyond the amount which had been levied therefor.

Another cogent reason why this contract should be declared ultra vires is that its payments thereto extend over a period of two years and beyond the term of office of the commissioner. If the commissioner had

the legal power to make the present contract on behalf of the town, then he would have had power to incur an indebtedness which might extend over many years and might absorb all the revenues of the town during such period. On the ground of public policy, if for no other reason, in our opinion, such contracts should not be sustained.

It is urged by counsel for appellant that even if the contract cannot be enforced in its entirety, yet appellant is entitled to $1,000, the amount of the levy. This question was not presented nor advanced in the court below and for that reason cannot be raised for the first time in this court.

The judgment of the circuit court is affirmed.

*Affirmed.*