A. E. Hudson, Trading as A. E. Hudson Company, Appellant, v. John Walters, Commissioner of Highways of the Town of Pennsylvania, Mason County, Illinois, Appellee.

Gen. No. 8,561.

Opinion filed April 27, 1932.

Scott W. Lucas and Clarence W. Heyl, for appellant.

Thos. P. Reep, for appellee.

Mr. Justice Shurtleff delivered the opinion of the court.

Appellant brought suit against appellee, who is the highway commissioner of the Town of Pennsylvania, in Mason county, upon three township warrants upon the road and bridge fund of the town. The declaration was based specially upon the warrants and also the common counts were filed. There was a judgment entered in the beginning, but upon the motion of certain taxpayers of the township the judgment was opened and leave was given to plead. A stipulation was entered that appellees could present any proofs that tended to defeat the action the same as though proper pleas were filed. A jury was waived and the cause heard by the court.

Appellant is a dealer in farm and road machinery. The proofs showed that on March 15, 1929, appellant and appellee entered into a written contract by the terms of which appellee purchased from appellant a Monarch tractor, for use upon the roads of the town, for a consideration of $3,817.50, and the tractor was delivered to appellee the same day. In payment for the tractor, under the terms of the contract, appellee delivered to appellant a Fordson tractor, then owned by the town for a consideration of $405, leaving a balance of $3,412.50 for which appellee gave appellant three town road warrants, one for the sum of $1,100 to become due July 15, 1929, one for the sum of $1,150 to become due September 1, 1929, and the third for the sum of $1,162.50 to become due also on September 1, 1929. The first warrant which became due July 15, 1929, was paid on September 28, 1929, in the full amount of $1,122.55, principal and interest, and claimed

to have been paid out of the tax levy made for road and bridge purposes in September, 1928, for the year 1929. The other two warrants were never paid, but on September 4, 1929, after the making of the tax levy for 1930, two new warrants were made out and signed in proper form, payable solely from the 1929 taxes when collected and in anticipation of the tax, ''which is already legally levied by the duly constituted officers of said township or road district,'' etc., one for the sum of $1,150 and one for the sum of $1,162.50, each payable to the order of said appellant, and were delivered to appellant. The two orders of March 15, 1929, of like amounts due September 1, 1929, were delivered up to appellee and marked canceled. It was shown that the tax levy of said town for road and bridge purposes levied in September, 1928, for the ensuing year amounted to the sum of $6,324.51, of which the sum of $1,500 was appropriated for the purchase of machinery and the balance for other district purposes.

It was further shown that on the third day of September, 1929, there was a tax levy made for said town for road and bridge purposes amounting to the sum of $6,293.23, of which the sum of $2,400 was appropriated for the purpose of the purchase of machinery and the balance for other district purposes.

There was another warrant or order involved in this suit for the sum of $114.16 for miscellaneous items of oils, greases and repairs used by the township, over which there is no dispute and admitted to be owing by appellee to appellant. At the time the two warrants were canceled on September 4, 1929, an additional warrant was given to appellant in the sum of $65.91, presumably for interest, which was paid. From the records it was shown that on March 15, 1929, there was a balance in the road and bridge fund of $39.66, but it could not be determined from the treasurer's record to what fund it belonged, whether it had been levied

for the purchase of machinery or for some other purpose.

The court held that of the funds on hand and levied on March 15, 1929, subject to the payment for said purchases, were the following:

The amount appropriated for machinery in September, 1928.....$1,500.00
The amount on hand March 15, 1929   39.66
The amount appropriated for oils, greases and repairs........... 114.16

     Total...........     $1,653.82

And the court charged appellant:
Payment of the order for........$  65.91
Payment of the order for........ 1,122.55

     Total...........     1,188.46

    leaving a balance of.....     $  465.36

for which the court gave appellant a judgment against appellee. Appellant has appealed and appellee, claiming a refund of the amounts paid, has filed cross errors.

It was claimed by appellant that the exchange of orders in September, 1929, was a new settlement for the tractor. It is not disputed but that appellee had use for the tractor and from the date of its purchase it was in operation upon the roads in Pennsylvania township and did good service. However, the tractor was purchased in March, 1929, and the rights of the parties must be determined as of that date. On March 15, 1929, appellee's contract to purchase road machinery, except for the amount of $1,539.66, was void and appellee was without power to make a purchase for a greater sum. (*Commissioners of Highways v. Newell,* 80 Ill. 587; *Brauns v. Town of Peoria,* 82 Ill. 11; *People v. Chicago, T. H. & S. E. Ry. Co.,*

315 Ill. 589; *Deyo v. Commissioner of Highways,* 256 Ill. App. 3.)

The contract to the extent of $1,539.66 was valid so far as it was carried out and executed. (*Town of Bruce v. T. Lyle Dickey,* 116 Ill. 527.) Appellee contends that the burden of proof was upon appellant to show that the item of $39.66 was levied for the purpose of buying road machinery. On the contrary, the burden of proof was upon appellee to show that this item was levied and collected for some other purpose. (*Adams v. Commissioners of Highways,* 151 Ill. App. 68; *Henderson v. Palmer,* 71 Ill. 579); and this principle is made substantially a rule of pleading in *Euziere v. Highway Commissioner of Town of Rockville,* 346 Ill. 131. The orders or warrants issued on September 4, 1929, are illegal and void for the reason that there were not sufficient funds on hand to complete the contract during the year the transaction occurred and when the contract was entered into, and such contracts cannot be completed and bills paid out of funds levied or provided for a succeeding year. (*Commissioners of Highways v. Newell,* 80 Ill. 587; *Brauns v. Town of Peoria,* 82 Ill. 11.) This is true regardless of the fact that the superintendent of county highways approved the warrants. Appellee had no power or authority to use funds levied and appropriated for highway purposes, other than the purchase of machinery for the item in question. (*Deyo v. Commissioner of Highways,* 256 Ill. App. 3; *People v. Wabash Ry. Co.,* 316 Ill. 403; *People v. Chicago, T. H. & S. E. Ry. Co.,* 315 Ill. 589.)

We find no error in the record upon any of the assignments of error made by appellant.

Appellee has assigned cross errors that the circuit court should have found the entire contract void and ordered a refund of the amounts paid to appellant and a return of the Ford truck, and that it was error not to so find. We cannot agree with this contention. No

fraud is charged in fixing the value of the Ford truck, or in the truck purchased, and no offer or attempt has been made to rescind the contract or return the truck purchased within a reasonable time. Appellee did have power and authority, under this record, to purchase the truck in question for a consideration not to exceed the sum of $1,539.66 and an exchange of the Ford truck, and so far as the contract is executed to the satisfaction of both parties it was not within the power of the circuit court to interfere with that arrangement in this suit. It may be that either party to the contract had the right, within a reasonable time, by returning or offering to return the goods purchased, or the moneys paid to rescind the contract and a proper forum might have afforded relief. There is no such question in this case.

For the reasons stated, the judgment of the circuit court of Mason county is affirmed.

*Affirmed.*